United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD.,

Plaintiffs,

v.

REARDEN, LLC; REARDEN MOVA, LLC; MO2, LLC; MOVA, LLC,

Defendants.

Case No. CV 15-cv-00797-SC

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

Defendants have filed a motion to seal documents (or portions of documents) submitted in support of their motion for summary judgment. ECF No. 34 ("Mot. to Seal"). Defendants' motion is not adequately limited to sealable material and does not follow the Civil Local Rules. Nonetheless, a small amount of the information Defendants seek to seal is indeed sealable. As a result, Defendants' motion to seal is GRANTED in part and DENIED in part.

This case is about who owns the "MOVA Assets" -- a set of hardware, software, intellectual property, and other assets used in motion pictures and video games. Plaintiff Shenzhenshi claims that it bought the MOVA Assets from an entity controlled by Greg LaSalle, a former employee of Defendant Rearden LLC ("Rearden").

United States District Court
For the Northern District of California

The parties are in the process of briefing Defendants' motion for summary judgment on Defendants' counterclaim for declaratory relief. ECF No. 35 ("MSJ"). Defendants' motion for summary judgment argues, in part, that "undisputed facts show that LaSalle, under the express terms of his contract with Rearden, could never have owned the MOVA Assets; thus LaSalle could not have transferred them to Shenzheshi." Id. at 1. Defendants have filed a motion to seal documents submitted in support of their motion for summary judgment.

"Courts have recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). A party seeking the sealing of judicial records must therefore articulate justifications for sealing that outweigh the public policies favoring disclosure. Further, motions for sealing must be narrowly tailored to include only sealable material. Id. at 1178-79.

Here, the standard for sealing records filed in connection with Defendants' motion for summary judgment is particularly high because "resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. at 1179 (9th Cir. 2006) (quoting Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev., 798 F.2d 1289, 1294 (9th Cir. 1986)). Accordingly, Defendants must demonstrate with specific facts that compelling reasons support the preservation of secrecy. Id. Conclusory statements concerning

United States District Court
For the Northern District of California

hypothetical harm that may result from public disclosure of such documents fail to carry this burden. Id. at 1182-84. Further, the Civil Local Rules specify that administrative motions to file documents under seal must be accompanied by (A) a declaration establishing that the document or portions thereof is sealable; (B) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Civil L.R. 79-5. Defendants' motion is not narrowly tailored and the supporting declaration is insufficient to establish that the information is sealable.

As to Exhibit A (Employment Agreement and Proprietary Information and Inventions Agreement between Rearden LLC and LaSalle), Defendants seek to redact Mr. LaSalle's salary information and information relating to their human resource management services and arbitration agreement. In their supporting declaration, Defendants argue that redaction of this information is necessary "both to respect the employees' privacy and because public knowledge of the agreements' terms, including but not limited to compensation information, could enable competitors to compete against Rearden more effectively." Declaration of Stephen G. Perlman ("Perlman Decl.") at 1. The Court will allow redactions of Mr. LaSalle's confidential salary information. With respect to all other redactions in Exhibit A, Defendants' reasons are neither specific nor compelling. Defendants motion as to these redactions is DENIED.

As to Exhibits B and C, Defendants ask the Court to seal emails "relating to . . . business plans . . . subject to

contractual confidentiality obligations to OL2, and OL2 and/or its successors might consider public disclosure of these exhibits a breach of those obligations." Id. at 1. Defendants' justification is vague, conclusory, and hypothetical. Without more information, the Court cannot find that the Defendants' reasons are sufficiently compelling to outweigh the public policies favoring disclosure. In addition, Defendants' request is not narrowly tailored as it seeks to seal the communications in their entirety without explaining why more limited redactions would be insufficient. Defendants' motion as to these exhibits is DENIED.

As to Exhibits F-K, Defendants ask the Court to seal emails among Mr. LaSalle and other Rearden employees relating to Mr. LaSalle's departure from the company. Defendants state that

> These emails contain personal notes and sensitive details about the terms of LaSalle's employment and separation. Rearden does not make a practice of publicly disclosing internal discussions regarding personnel matters both to respect the employees' privacy and because public knowledge of the substance of the discussions . . . could enable competitors to compete against Rearden more effectively.

Id. Defendants' boilerplate justification regarding the competitive effect of revealing these communications is unavailing. Further, the "personal" and "sensitive" nature of the emails are not compelling reasons sufficient to outweigh the public policies favoring disclosure. See Foltz v. State Farm Mut. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003) (holding that the potential for embarrassment, incrimination, or exposure to litigation through the public disclosure of information is not, without more, sufficient for court protection). Defendants' motion as to these exhibits and

United States District Court
For the Northern District of California

the corresponding redacted sections in their motion for summary judgment is DENIED.

Defendants' motions to file under seal are GRANTED or DENIED as described in the table below:

| **ECF No. (Description)** | **Ruling on Motion to File Under Seal** |
| --- | --- |
| 34-4 (unredacted MSJ) | DENIED |
| 34-6 (unredacted Ex. A) | GRANTED IN PART as to Mr. LaSalle's salary information<br>DENIED as to all other redactions |
| 34-7 (Ex. B) | DENIED |
| 34-8 (Ex. C) | DENIED |
| 34-9 (Ex. F) | DENIED |
| 34-10 (Ex. G) | DENIED |
| 34-11 (Ex. H) | DENIED |
| 34-12 (Ex. I) | DENIED |
| 34-13 (Ex. J) | DENIED |
| 34-14 (Ex. K) | DENIED |

For the foregoing reasons, the Defendants' motion to seal is GRANTED in part and DENIED in part. As to Exhibits F-K and Defendants' motion for summary judgment, the Court will not consider these documents unless an unredacted version is filed within seven (7) days. See Civil L.R. 79-5(f). As to Exhibits A-C, the Court hereby ORDERS that Defendants may within seven (7) days file either (1) an unredacted version, or (2) a revised motion to file these documents under seal that properly tailors the

///

///

///

///

///

**United States District Court**
For the Northern District of California

redactions to sealable material and adequately explains the compelling reasons for sealing the material.

IT IS SO ORDERED.

Dated: June 23, 2015

UNITED STATES DISTRICT JUDGE