UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>REARDEN LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-00797-JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: ECF No. 67 |

Defendants move to file under seal portions of their Answer and Amended Counterclaims. ECF No. 67. Plaintiff has filed a declaration in support of sealing. ECF No. 70. The Court will deny the motion.

A party seeking to seal a portion of a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted). The showing required to overcome the strong presumption of access depends on the type of filing in which the potentially sealable material appears. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)).[1]

---

[1] On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp.,

"Because Plaintiff's complaint and Defendant's answer and counter-claim are the pleadings on which this action is based, the Court applies the 'compelling reasons' standard to Defendant's motions to seal." <u>Delfino Green & Green v. Workers Compansation Sols., LLC</u>, No. 15-CV-02302-HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015); <u>see also</u> <u>AGS, LLC v. Galaxy Gaming Inc.</u>, No. 2:14-CV-02018-JAD, 2015 WL 1522739, at *2 (D. Nev. Apr. 2, 2015) ("A motion to seal an answer is governed by a 'compelling reasons' standard, which reflects the strong presumption in favor of access to court records in this circuit.").  To overcome the strong presumption of public access, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." <u>Kamakana</u>, 447 F.3d at 1178–79 (internal citations omitted).

Having reviewed Defendants' motion to seal, Plaintiff's declaration, and the underlying documents, the Court concludes that the parties have failed to rebut the strong presumption in favor of access or to show compelling reasons to seal any portion of the document. <u>Kamakana</u>, 447 F.3d at 1178.  Accordingly, the Court denies Defendants' motion.  Defendants' Answer and Amended Counterclaims will not be considered by the Court unless Defendants file the document in the public record within seven days from the date of this Order.

IT IS SO ORDERED.

Dated: February 24, 2016

_____
JON S. TIGAR
United States District Judge

---

LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. <u>Id.</u> at 1097.