UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUE GLOBAL HOLDINGS LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REARDEN LLC, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-00797-JST   (SK)<br><br>**ORDER REGARDING MOTION TO SEAL ORDER DATED APRIL 5, 2016** |

　　　　This Court entered an order (Dkt. 103) on April 5, 2016 (the "Order") under seal pending further order from this Court, and, in that Order, this Court:  (1) directed the parties to advise this Court jointly of which facts, if any, should be redacted from the Order; and (2) directed any party seeking information to be sealed to provide a proposed redacted version of the Order to file publicly and legal authority for its position.

　　　　Defendants submitted a letter brief stating that the entire Order should be placed under seal because the privileged and confidential information contained in the Order is completely entwined with public information in the Order.   This Court does not find that argument persuasive.  For example, the Order cites documents and information which are in the public record, such as information from the California Secretary of State public website, and other documents that have been filed in this matter and which Defendants have not sought to protect from disclosure.  This Court also attempted to cite in the Order, where possible, the redacted, public version of documents that had previously been filed under seal in full format.

　　　　Defendants should be mindful of the fact that there is a presumption of public access to court records. *Nixon v. Warner Comm., Inc*., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents,

including judicial records and documents"). The party seeking to protect information from disclosure has the burden to show "good cause" for preventing the public from obtaining access to information in judicial records for cases involving private parties. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-1211.

Defendants have failed to meet their burden to show that sealing of the entire Order – or any portion of it – is warranted under the standards enumerated above. Defendants shall be provided with an additional opportunity meet this standard by providing a three page letter brief, to be filed publicly, listing the page numbers and line numbers of the Order which Defendants believe should be sealed, with a short explanation of "good cause" to seal under the standard enumerated by the Ninth Circuit Court of Appeals listed above. The deadline for filing such a brief is April 19, 2016.

**IT IS SO ORDERED**.

Dated: April 15, 2016

_____
SALLIE KIM
United States Magistrate Judge

2