IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRTUE GLOBAL HOLDINGS LIMITED, a business company incorporated in the British Virgin Islands,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>REARDEN, LLC, a California Limited Liability Company; REARDEN MOVA, LLC, a California Limited Liability Company; MO2, LLC, a California Limited Liability Company; and MOVA, LLC, a California Limited Liability Company,<br><br>　　　Defendants/Counterclaim Plaintiffs,<br><br>　　　v.<br><br>SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., a People's Republic of China corporation,<br><br>　　　Counterclaim Defendant. | Case No.  3:15-cv-00797-JST-SK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1	Defendants move to file under seal portions of Exhibit A to the parties' discovery letter (D.I.
2	78), which Defendants had previously designated as "Confidential" and submitted to chambers.
3	Defendants have filed a declaration in support of sealing.  Pursuant to Local Rule 79-5(d)(1)(C),
4	Defendants have redacted the portions of Exhibit A which they seek to file under seal.  The Court
5	hereby GRANTS the motion.

6	A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule
7	79-5; and (2) rebut "a strong presumption in favor of access" that applies to all documents other than
8	grand jury transcripts or pre-indictment warrant materials.  *Kamakana v. City & Cnty. of Honolulu*,
9	447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

10	Local Rule 79-5 requires a request that (1) "establishes that the document, or portions thereof,
11	are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2)
12	is "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

13	In addition, to overcome the strong presumption of access for filing documents under seal in
14	connection with a non-dispositive motion (which is the case here), the requesting party need only make
15	a "particularized showing under the good cause standard of Rule 26(c)".  *Id*. at 1180 (internal citation
16	and quotations omitted).

17	In support of their motion, Defendants assert that Exhibit A, the Defendants' confidential
18	Privilege Log, contains sensitive, non-public information, such as the date and general subject matter
19	of privileged communications between Defendants and counsel, and the identity of counsel and their
20	staff.  Defendants also state that this information is kept confidential during the normal course of
21	business, and public disclosure of this information would cause undue harm to Defendants.  Courts
22	have, under similar circumstances, granted a motion to seal confidential privilege log information.  *See*
23	*Oracle Am., Inc. v. Google Inc.*, 2015 U.S. Dist. LEXIS 163956, *11 (N.D. Cal. Dec. 3, 2015)
24	(granting motion to seal portions of privilege log based on declaration that "the excerpt from the
25	privilege log contains confidential information regarding the date and general subject matter of
26	privileged communications between Google and its counsel").  Moreover, Defendants have tailored
27	their request by seeking to seal only those portions of Exhibit A they contend to include confidential,
28

sensitive material.  The Court therefore concludes that Defendants have shown good cause for filing Exhibit A under seal.

## CONCLUSION

Having shown good cause to seal Exhibit A to Dkt. No. 78, the Court hereby GRANTS Defendants' motion to file under seal.  "[T]he document filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L.R. 79-5(f)(1).

**IT IS SO ORDERED.**

Dated: April 20, 2016

THE HONORABLE SALLIE KIM
UNITED STATES MAGISTRATE JUDGE