UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUE GLOBAL HOLDINGS LIMITED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>REARDEN LLC, et al.,<br><br>　　　　　　Defendants. | Case No.  15-cv-00797-JST   (SK)<br><br>**ORDER RE JOINT LETTER BRIEF REGARDING INTERROGATORY RESPONSE VERIFICATION**<br><br>Regarding Docket Nos. 132 |

　　　　Before this Court is a Joint Letter Brief regarding the failure of Shenzhenshi Haitiecheng Science and Technology Co., Ltd. ("SHST") to verify their interrogatory responses.  (Dkt. 132.) The matter was taken under submission without oral argument pursuant to Local Rule 7-1(b). Having considered the parties' arguments and the relevant law, the Court hereby orders that SHST verify to its interrogatory responses to Defendants' Interrogatories 1-16 by May 27, 2016.  If SHST fails to provide the verifications as ordered, the Court will revisit the Defendants' request for sanctions and order the appropriate relief.  Counsel for Rearden LLC is directed to provide this Court with a one-page letter brief by May 31, 2016 notifying this Court of SHST's response, if any, on May 27, 2016.

**ANALYSIS**

　　　　On July 7, 2015, Defendant served interrogatory numbers 1-16 upon SHST.  (Dkt. 132, p. 1:13.)  SHST provided responses on August 10, 2015, August 17, 2015, and April 14, 2016.  (Dkt. 133, ¶¶ 5-7.)  However, to date, none of the responses have been verified, despite requests from defense counsel.  (Dkt. 133, ¶ 2.)

　　　　SHST's counsel responds that they are unable to locate anyone from SHST to verify the responses, that SHST appears to have gone "dormant," and that counsel will be withdrawing as counsel of record for SHST.  (Dkt. 132, p. 4:7-15.)  SHST's counsel further suggests that, given

that the cross-claim against SHST was bifurcated and stayed, Defendants' request for sanctions is premature. (Dkt. 132, p. 4, footnote 4.)   Here, the discovery at issue was served and responses provided before the substitution of Virtue Global Holdings, Inc. for SHST as plaintiff of record. SHST provides no authority authorizing a court to excuse verification for discovery responses. Under these circumstances, Defendant's concern is justified, and this issue is not premature.

According to Rule 33 of the Federal Rules of Civil Procedure, "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).  Further, each interrogatory "must be answered: (A) by the party to whom they were directed; or (B) if the party is a public or private corporation…by any officer or agent who must furnish information available to the party." Fed.R.Civ.P. 33(b)(1).  Therefore, not only must SHST verify the responses under 33(b)(3), but also only SHST can verify the responses for discovery directed to SHST.

Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211.  Interrogatories are signed under oath for more than informational purposes; interrogatory responses can also be used at trial pursuant to the Federal Rules of Evidence.  (*Id.*) Since interrogatory responses may be used at trial, they are "nothing short of testimony," and substituting an attorney's communication for the party's sworn statement would undermine the important function of sworn interrogatory responses and effectively convert the attorney into a witness in the matter.  *Id.* (citations omitted.)

SHST cannot avail itself of this Court by filing suit and then disappear when complying the Court's rules is inconvenient.  If SHST chooses to ignore the Federal Rules of Civil Procedure or otherwise fail to cooperate in discovery, Rule 37 of the Federal Rules of Civil Procedure authorizes this Court to issue sanctions.

**IT IS SO ORDERED**.

Dated: May 11, 2016



_____
SALLIE KIM
United States Magistrate Judge