UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUE GLOBAL HOLDINGS LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REARDEN LLC, et al.,<br><br>　　　　　Defendants. | Case No.  15-cv-00797-JST<br><br>**ORDER DENYING DIGITAL DOMAIN 3.0, INC.'S MOTION TO MODIFY THE PRELIMINARY INJUNCTION ORDER AND VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO STAY OR MODIFY THE PRELIMINARY INJUNCTION PENDING APPEAL**<br><br>Re: Dkt. Nos. 206, 208 |

　　　　Before the Court is non-party Digital Domain 3.0, Inc.'s ("DD3") motion to modify the preliminary injunction order and Plaintiff Virtue Global Holdings Limited's ("VGH") motion to modify or stay the preliminary injunction order pending appeal. See ECF Nos. 206, 208. DD3 and VGH request that the Court make three modifications to the preliminary injunction order: (1) remove the restriction that enjoins them from "using" the MOVA assets, (2) remove the transfer requirement, and (3) substitute those requirements with less restrictive provisions. See ECF No. 206 at 8; ECF No. 208 at 7-8, 18. The Court denies both motions because it lacks jurisdiction.

　　　　Because a notice of appeal has been filed, this Court's jurisdiction to suspend or modify the preliminary injunction is limited. See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001); ECF No. 195. The Court may suspend or modify the preliminary injunction only to preserve the status quo established by the preliminary injunction order or to secure the opposing party's rights. See id. ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo."); Fed. R. Civ. P. 62(c) ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or

other terms that secure the opposing party's rights."). For example, a district court has jurisdiction to modify a preliminary injunction pending appeal to clarify the requirements imposed by, and to ensure compliance with, the original preliminary injunction order. See, e.g., Nat. Res. Def. Council, Inc., 242 F.3d at 1166-67 (holding that the modifications "were minor adjustments that effectuated the underlying purposes of the original requirements" and therefore "[t]hese modifications did not materially alter the status of the consolidated appeal"). However, a district court does not have jurisdiction to remove restrictions imposed on the appealing party pending appeal. See, e.g., Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO, 611 F.3d 483, 495 (9th Cir. 2010) (holding that the district court lacked jurisdiction to delete a paragraph of the preliminary injunction order that imposed restrictions on the party appealing the preliminary injunction).

Applying the foregoing rules to the motions at hand, this Court lacks jurisdiction to stay the injunction or make the requested modifications because doing so would materially alter the status of the case on appeal. The modifications requested by VGH and DD3 would not maintain the status quo established by this Court's preliminary injunction order. Rather, as in Small, these modifications would alter the status quo by removing the use prohibition and transfer requirements imposed on VGH and DD3 by this Court's preliminary injunction order. See ECF No. 188 at 15-16. Nor would these modifications secure Rearden's rights as the opposing party. Because the Court lacks jurisdiction to remove the use and transfer provisions, it also declines to substitute those provisions with the less restrictive provisions proposed by DD3.

VGH cites LifeScan, Inc. v. Shasta Techs., LLC as an example of a case where this Court has modified a preliminary injunction pending appeal. See ECF No. 220 at 4. That case is inapposite, however, because the modifications to the preliminary injunction were adopted pursuant to stipulation. See LifeScan, Inc. v. Shasta Techs., LLC, No. 12-CV-06360-JST, 2013 WL 3200629, at *2 (N.D. Cal. June 24, 2013) (explaining that the opposing party "request[ed] that the Court modify the injunction to explicitly permit the use of their logos or trade dress so long as

/ / /

/ / /

1  any such use complies with the nominative fair use test"). Thus, unlike in the present case, it was
2  clear that the opposing party's rights were not adversely affected by the modifications.
3  IT IS SO ORDERED.
4  Dated: July 15, 2016

_____
JON S. TIGAR
United States District Judge