1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

VIRTUE GLOBAL HOLDINGS LIMITED,

Plaintiff,

8

v.

9

10

REARDEN LLC, et al.,

Defendants.

Case No.  15-cv-00797-JST

**ORDER REGARDING MOTION TO SET ASIDE ORDER AND MOTION FOR CLARIFICATION**

Re: Dkt. Nos. 172, 173

11

12

13

Defendants Rearden, LLC, et al. ("Rearden") now have two motions pending before the

14

Court: a motion to set aside the Court's March 21, 2016 order substituting parties and a motion for

15

clarification of the Court's March 2, 2016 bifurcation order.  See ECF Nos. 172, 173.  The Court

16

will grant both motions.[1]

17

**I.      BACKGROUND**

18

This action involves a dispute over the ownership of physical and intellectual property

19

known as the MOVA assets.[2]  In February 2015, Shenzhenshi Haitiecheng Science and

20

Technology Co., Ltd. ("SHST") filed this lawsuit against Rearden seeking declaratory relief

21

regarding its ownership of the MOVA assets.  ECF No. 1.  SHST also asserted claims for false

22

advertising, unfair competition, and interference with prospective business advantage.  Id.  In

23

response, Rearden filed counterclaims seeking declaratory relief that it owned the MOVA assets.

24

25

26

27

28

---

[1] Rearden also filed a third motion, for an order to show cause for contempt and for relief regarding the MOVA assets.  ECF No. 242.  At oral argument on that motion, the Court took it under submission but invited a stipulation from the parties based on discussion at the hearing. ECF No. 261.  The parties filed such a stipulation on August 11, 2016, ECF No. 268, which will have the effect of mooting the motion.
[2] The factual background of this case is discussed in detail in other pleadings.  ECF Nos. 52, 117, 141, 188.

United States District Court
Northern District of California

ECF No. 21.  Rearden amended its counterclaims on February 12, 2016 to add claims for conversion, theft of trade secrets, patent infringement, trademark infringement, copyright infringement, interference with prospective business advantage, unfair competition, and unjust enrichment.  ECF No. 68.

### A.  The Court's Bifurcation Order

On February 25, 2016, the parties jointly requested that the Court bifurcate the issues in this case so that the ownership claims would fbe adjudicated first.  ECF Nos. 73, 75.  Rearden explained that the "parallel claims for declaratory relief should proceed first, because the parties' other claims are nearly all predicated on ownership of the MOVA Assets."  ECF No. 75 at 1-2.  At the case management conference held on March 2, 2016, the Court granted that request.  ECF No. 80 ¶ 1.

### B.  The Court's Order Substituting Parties

At the case management conference on March 2, 2016, SHST's counsel also informed the Court that it had transferred its ownership in the MOVA assets to another entity.  See Case Management Conference Tr. (March 2, 2016), ECF No. 89 at 7:24-8:3.  The Court accordingly allowed the parties to amend the pleadings.  Id. at 8:10-12.  The amended pleadings clarified that Virtue Global Holdings, Ltd. ("VGH") had purchased the MOVA assets from SHST in December 2015.  ECF No. 93 ¶ 27.  Based on this transfer, Rearden added a counterclaim for fraudulent conveyance under the California Uniform Fraudulent Transfer Act.  ECF No. 95 ¶ 424-433.

On March 18, 2016, the parties stipulated and jointly moved to substitute VGH as the Plaintiff in this action.  ECF No. 92.  The Court granted that joint motion on March 21, 2016. ECF No. 96.  In the stipulation and resulting Order, SHST agreed that it would remain in the case as a counterclaim Defendant and that it would not object to discovery relating to ownership issues based on the substitution of parties.  Id.  ¶¶ 4-5.

### C.  SHST's Disappearance

Since the substitution order was issued, SHST has not participated in discovery.  On May 2, 2016, Rearden informed the Court that SHST had failed to verify its interrogatory responses. See Joint Letter Brief, ECF No. 132 at 2-4.  In response, SHST's counsel advised the Court that

"[f]ollowing the sale of the MOVA Assets, SHST appears to have gone dormant." Id. at 5. SHST's counsel explained that "[d]espite diligent efforts, SHST's counsel has not received any response to any of its multiple attempts to communicate with SHST" and that "[f]rom SHST's silence, it appears that SHST no longer has any active business, no officers, no active board members, no employees, and no one else who can provide the verifications." Id. On May 12, 2016, this Court ordered SHST to verify its interrogatory responses, but SHST failed to do so. ECF No. 162. In addition, despite Rearden having noticed the depositions of five of SHST's officers and directors to take place between May 16-20, 2016, see ECF No. 139-4, SHST failed to produce any witnesses for those depositions.

Rearden subsequently moved for entry of default judgment against SHST.[3] See ECF No. 139. SHST did not respond to that motion.[4] See ECF No. 158 at 2.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b)(3), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000).

However, Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3);  see also In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999) ("a federal court may amend a judgment *or order* under its inherent power when the original judgment *or order* was obtained through fraud on the court" (emphasis added)); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (quoting

---

[3] On July 21, 2016, Magistrate Judge Sallie Kim recommended that this Court grant Rearden's motion for a sanction of default judgment against SHST for its failure to participate in discovery. See ECF No. 252. SHST has filed a motion for reconsideration of Judge Kim's determination. ECF No. 265.
[4] VGH, who is represented by the same counsel as SHST, filed a response to the motion. ECF No. 154.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir.1981) ("As long as a district court has

2    jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or

3    modify an interlocutory order for cause seen by it to be sufficient.") (emphasis omitted). "[F]raud

4    on the court 'should be read narrowly, in the interest of preserving the finality of judgments.'"

5    Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1104 (9th Cir. 2006) (quoting Toscano v.

6    Comm'r, 441 F.2d 930, 934 (9th Cir.1971)). "[I]n order to provide grounds for relief, the fraud

7    must involve an unconscionable plan or scheme which is designed to improperly influence the

8    court in its decision." Latshaw, 452 F.3d at 1104 (internal quotation marks and citations omitted).

9    **III.    DISCUSSION**

10            **A.    Motion to Set Aside Order**

11            First, Rearden seeks to set aside the Court's order substituting VGH as the Plaintiff in this

12    case. ECF No. 172 at 2. Rearden argues that it entered into the stipulation that resulted in this

13    order based on SHST's misrepresentations that it would remain in the case as a counter-defendant

14    and that it would continue to participate in discovery. Id. at 5-6. Rearden further argues that

15    SHST's misrepresentations prejudiced its ability to litigate this case. Id. at 6-7. Accordingly,

16    Rearden argues that the substitution order should be set aside under both Rule 60(b) and the

17    Court's inherent authority. ECF No. 250 at 3.

18            As a preliminary matter, VGH argues that Rearden may not seek relief from the order

19    substituting parties under Rule 60(b) because that order is not "final." Plaintiff's Opposition, ECF

20    No. 229 at 6. "Rule 60(b) . . . applies only to 'a final judgment, order, or proceeding.'" 11 Fed.

21    Prac. & Proc. Civ. § 2852 (3d ed.) (emphasis added); see also Advisory Comm. Note to Fed. R.

22    Civ. P 60(b) ("The addition of the qualifying word 'final' emphasizes the character of the

23    judgment, orders or proceedings from which Rule 60(b) affords relief . . . interlocutory judgments

24    are not brought within the restrictions of the rule."). Therefore, the Court can only set aside the

25    substitution order under Rule 60(b) if it was a "final" order.

26            An order is "final" if it "ends the litigation on the merits and leaves nothing for the court to

27    do but execute the judgment." State of Cal., on Behalf of California Dep't of Toxic Substances

28    Control v. Campbell, 138 F.3d 772, 776 (9th Cir. 1998) (internal citations and quotation marks

1    omitted).  Although orders granting substitution under Rule 25 are usually not considered final, in

2    some circumstances they may be considered final based on the collateral order doctrine.  See15B

3    Fed. Prac. & Proc. Juris. § 3914.18 (2d ed.) ("Ordinarily orders granting or denying joinder or

4    substitution are not final. . . . It is possible, however, that finality may be found on some expanded

5    principle such as collateral order doctrine or the special rules of finality that apply in bankruptcy

6    proceedings.");  7C Fed. Prac. & Proc. Civ. § 1962 (3d ed.) ("An order allowing substitution under

7    Rule 25 is interlocutory and not appealable of right. . . . although in some limited circumstances an

8    appeal may be alllowed [sic] under the collateral-order doctrine.").  Under the collateral order

9    doctrine, interlocutory orders are nonetheless considered final if they "conclusively determine the

10   disputed question, resolve an important issue completely separate from the merits of the action,

11   and [are] effectively unreviewable on appeal from a final judgment."  Pelletier v. Fed. Home Loan

12   Bank of San Francisco, 968 F.2d 865, 873 (9th Cir. 1992) (internal citations and quotation marks

13   omitted).

14        Rearden relies on two cases to argue that the Court's order substituting VGH as the

15   Plaintiff in this action is "final" under the collateral order doctrine: Jette v. Orange Country Fin.,

16   Inc., No. 2:08-CV-01767, 2010 WL 3186558, at *1 (E.D. Cal. Aug. 11, 2010) and Divane v.

17   Power & Lighting Sys., No. 1:10-cv-04529 (N.D. Ill. June 26, 2013)).  Neither case addresses the

18   issue of finality, and Jette is distinguishable because it dealt with the denial of a substitution order.

19   Although courts have held that orders *denying* substitution under Rule 25 are final under the

20   collateral order doctrine because they may result in a dismissal of the entire action, courts have

21   held that orders *granting* substitution or joinder under Rule 25 are not.  Compare Billino v.

22   Citibank, N.A., 123 F.3d 723, 727 (2d Cir. 1997) ("[B]ecause the denial of the motion to substitute

23   caused the dismissal of the action [since there was no party able to carry on the action], an appeal

24   by [the party] would be from a final order.") and Matter of Covington Grain Co., Inc., 638 F.2d

25   1357, 1360 (5th Cir. 1981) (holding that "the order denying the petition for substitution is one

26   having the operative finality which makes it reviewable under the collateral order doctrine"

27   because denial would result in "a total bar to recovery" and would otherwise "be beyond review")

28   with Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir. 1978) (holding that "[i]t has been

United States District Court
Northern District of California

generally held that an order granting substitution of a party or adding an additional party is interlocutory" and "find[ing] the trial court's Rule 25(c) joinder order to be interlocutory").  The Ninth Circuit has noted this distinction in the case law between orders granting substitution and orders denying substitution, but it has not decided the issue.  See In re USA Commercial Mortgage Co., 397 F. App'x 300, 304 (9th Cir. 2010) ("We need not decide whether review extends to orders granting, rather than denying, motions to substitute because we find no basis for reversal.")

Regardless of whether the Court's substitution order is "final" for purposes of Rule 60(b), Rearden correctly points out that this court may still set aside the substitution order based on its inherent authority.[5]  ECF No. 250 at 3.  After all, Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3);  see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (quoting Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir.1981) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind,* or modify an interlocutory order for cause seen by it to be sufficient.") (emphasis in original).  And "a federal court may amend a judgment or order under its inherent power when the original judgment or order was obtained through fraud on the court."  In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999).

However, courts must "exercise the power to vacate judgments for fraud on the court with restraint and discretion, and only when the fraud is established by clear and convincing evidence." United States v. Estate of Stonehill, 660 F.3d 415, 443–44 (9th Cir. 2011) (internal citations and quotation marks omitted).  To constitute "fraud on the court," the fraud at issue must do more than "prejudice the opposing party"; it must "harm[] the integrity of the judicial process."  Alexander v.

---

[5] Alternatively, Rearden asks the Court to construe its motion as a motion for leave to seek reconsideration under Civil Local Rule 7-9. ECF No. 250 at 3, n. 2; see also, e.g., Ansari v. Elec. Document Processing Inc., No. 5:12-CV-01245-LHK, 2013 WL 4647621, at *6 (N.D. Cal. Aug. 29, 2013) ("constru[ing] Defendants' motion for relief under Rule 60(b) as a motion for leave to file a motion for reconsideration" because "[t]he proper mechanism for challenging the non-final, interlocutory order is a motion for leave to file a motion for reconsideration under Civil Local Rule 7–9").  The Court does not need to address this request because it decides the motion on alternative grounds.

Robertson, 882 F.2d 421, 424 (9th Cir. 1989) (internal quotation marks omitted) (quoting Hazel–Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 246 (1944)).  To show fraud on the court, a party "must demonstrate, by clear and convincing evidence, an effort by the [opposing party] to prevent the judicial process from functioning in the usual manner."  Stonehill, 660 F.3d at 445 (internal quotation marks omitted).

False statements and non-disclosure of evidence are usually not sufficient on their own to constitute fraud on the court because such misconduct can be challenged by the opposing party during the regular course of litigation.  See In re Levander, 180 F.3d at 1119–20.  However, in In re Levander the Ninth Circuit held that perjury and non-disclosure of evidence may constitute fraud on the court where such misconduct was not challenged, and could not have been challenged, during the ordinary course of litigation because neither the opposing party nor the Court had reason to know of the fraud.  See id.  In that case, the court had awarded attorneys' fees and costs against a corporation in a bankruptcy suit, unaware that the corporation had transferred all of its assets to shell entities months before.  Id. at 1117, 1120.  The court reasoned that "neither the [opposing party] nor the court had any reason to question the veracity of the Corporation with respect to whether the Corporation still possessed its assets."  Id. at 1120.  The court further noted that the corporation "also deceived the court, because the court relied on the Corporation's depositions to impose attorneys' fees on the Corporation, rather than on the party with the assets."  Id.  Accordingly, the "the bankruptcy court itself was defiled by the perjury" and "the fraud was a fraud on the court."  Id.

Here, as in In re Levander, Rearden has shown by clear and convincing evidence that the order substituting VGH as plaintiff was obtained through fraud on the court.  SHST's express representation that it would remain in the case as a counterclaim defendant and continue to participate in discovery was fraudulent.  Since immediately after the issuance of the Court's order relying on those representations, SHST has done neither.  It has stopped participating in discovery by failing to verify interrogatory responses and failing to produce witnesses for depositions.  It has also failed to otherwise remain in the case as a counterclaim defendant, failing to respond even to

the motion for default judgment against it.[6]  In short, as explained by SHST's own counsel, it has

since become "dormant."  Joint Letter Brief, ECF No. 132 at 5.  This fraud did not just prejudice

Rearden by inducing it to enter into the stipulation to substitute VGH as Plaintiff; the Court itself

was also defiled because it relied on SHST's misrepresentations in the stipulation in its order

substituting VGH as the Plaintiff.  In sum, SHST's fraud has prevented the judicial process from

functioning in the usual manner.

VGH argues that, regardless of this fraudulent conduct, substitution is still appropriate

under Rule 25(c) because the transfer of title from SHST to VGH "falls squarely within the ambit

of Rule 25, and substitution promotes efficiency as intended."  ECF No. 229 at 15.  However,

substitution is not mandatory under Rule 25(c) even where transfer has occurred.  Sun-Maid

Raisin Grow. of Cal. v. California Pack. Corp., 273 F.2d 282, 284 (9th Cir. 1959).  Rather, both

the text of Rule 25(c) and Ninth Circuit precedent make clear that courts have discretion in this

regard.  See Fed. R. Civ. P. 25 ("If an interest is transferred, the action *may* be continued by or

against the original party unless the court, on motion, orders the transferee to be substituted in the

action or joined with the original party.") (emphasis added); McComb v. Row River Lumber Co.,

177 F.2d 129, 130 (9th Cir. 1949) ("Undoubtedly this court has the power to order a substitution,

but this is a matter of discretion in this court.") (internal citations omitted); see also, e.g., Hyatt

Chalet Motels, Inc. v. Salem Bldg. & Const. Trades Council, 298 F. Supp. 699, 704 (D. Or. 1968)

(explaining that Rule 25(c) "gives the court a generous discretion in connection with the

continuance of actions where there has been a transfer of an interest").  In this case, joinder of

VGH as an additional Plaintiff under Rule 25(c) may be more appropriate than substitution

because SHST transferred its assets to VGH but not its liabilities, VGH and SHST appear to have

overlapping counsel, and VGH's continued presence in this suit would facilitate the litigation.  See

---

[6] VGH argues that "SHST continues as a named counterclaim defendant and no objections to discovery have been made based on the substitution."  ECF No. 11.  However, SHST has remained in this case as a counterclaim defendant in name only, and it has not objected to discovery based on substitution only because it has not objected to discovery—or even participated in discovery—at all.  Perhaps for this reason, VGH acknowledges in the very same sentence that "[SHST's] disappearance from the action undoubtedly frustrates this stated purpose."  Id.

United States District Court
Northern District of California

United States District Court
Northern District of California

1 | Centillion Data Sys., Inc. v. Am. Mgmt. Sys., Inc., 200 F.R.D. 618, 620 (S.D. Ind. 2001) (If [the
2 | Plaintiff's] liabilities were not transferred, then [the Plaintiff's] existence presumably would
3 | continue in order to discharge its liabilities."); 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed.) ("An
4 | order of joinder is merely a discretionary determination by the trial court that the transferee's
5 | presence would facilitate the conduct of the litigation."); Moody v. Albemarle Paper Co., 50
6 | F.R.D. 494, 498 (E.D.N.C. 1970) (holding that joinder under Rule 25(c) was appropriate after a
7 | "corporate reshuffle" where "any or all of the parties sought to be added or joined have or could
8 | have the burden of liability in the event of a determination of liability being made"). In any event,
9 | the parties have not moved for substitution or joinder under Rule 25(c) at this time, and the
10 | previous substitution order was issued pursuant to a stipulation that did not allow for briefing on
11 | the issue. Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or
12 | against the original party unless the court, *on motion*, orders the transferee to be substituted in the
13 | action or joined with the original party. *The motion must be served as provided in Rule 25(a)(3).*")
14 | (emphases added)). Therefore, the Court does not address whether substitution or joinder is
15 | appropriate for the purposes of this motion to set aside the substitution order based on fraud.

16 | Finally, VGH notes that, "[w]ere the Court to set aside the substitution order, VGH could
17 | and would properly seek to intervene or even to initiate a new action to protect its ownership
18 | interest." ECF No. 229 at 15. Given that VGH "claims an interest relating to the property or
19 | transaction that is the subject of the action" and "disposing of the action may as a practical matter
20 | impair or impede [VGH's] ability to protect its interest," such a motion would be deserving of
21 | serious consideration. See Fed. R. Civ. P. 24(a) (requiring the Court to permit a party to intervene
22 | if those conditions are met, unless existing parties adequately represent that interest). At the
23 | moment, however, there is no such motion before the court. The Court need say nothing about
24 | intervention at this juncture.

25 | In conclusion, the Court grants Rearden's request to set aside the order substituting VGH
26 | as Plaintiff because of SHST's fraud on the Court.

27 | **B.    Motion for Clarification of Bifurcation Order**
28 | Next, Rearden seeks clarification of this Court's bifurcation order. Rearden argues that its

9

1   fraudulent conveyance counterclaim is central to the ownership of the MOVA Assets and,

2   therefore, should be adjudicated in conjunction with the competing claims for declaratory relief

3   with respect to ownership.  ECF No. 173.  Specifically, Rearden argues that if the transfer of the

4   MOVA Assets from SHST to VGH in December 2015 was fraudulent, then the transfer is void as

5   a matter of law and VGH cannot establish ownership.  Id.

6         In response, VGH argues that the underlying ownership issue is the transfer of title that

7   took place in February 2013, not SHST's subsequent transfer to VGH in December 2015.  ECF

8   No. 228 at 7.  VGH further argues that adjudicating the fraudulent transfer issue alongside the

9   declaratory claims regarding ownership will undermine judicial economy.  Id.

10        The Court agrees with Rearden.  The Court granted Rearden and SHST's joint request to

11  adjudicate the ownership issues first because many of the claims are predicated on ownership of

12  the MOVA Assets and, therefore, a ruling on ownership would moot many of the losing party's

13  additional claims.  See Fed. R. Civ. P. 42(b) (allowing the court to bifurcate the issues to be tried

14  "[f]or convenience, to avoid prejudice, or to expedite and economize").  At the time the Court

15  granted that request, Rearden and SHST were the only parties in the case, and their competing

16  claims for declaratory relief were the only claims relevant to ownership of the MOVA Assets.  See

17  Case Management Conference Tr. (March 2, 2016), ECF No. 89 at 7:24-8:3 (informing the Court

18  that SHST had transferred ownership to another entity and that the plaintiff would seek to add that

19  party as a plaintiff).  However, VGH has since entered the case as a Plaintiff and asserted its own

20  affirmative claim for declaratory relief that it owns the MOVA Assets.  See First Amended

21  Complaint, ECF No. 93 ¶ 30 ("Virtue desires a judicial determination of the ownership rights in

22  the MOVA Assets, and requests a declaration that it owns the MOVA Assets.").  To succeed on

23  that claim for declaratory relief, VGH needs to demonstrate *both* that SHST rightfully acquired

24  rights to the MOVA Assets in February 2013 *and* that VGH rightfully acquired those rights from

25  SHST in December 2015.  Regardless of whether SHST had rightful ownership of the MOVA

26  Assets based on the February 2013 transaction, VGH's subsequent acquisition of those rights

27  through a fraudulent transfer in December 2015 would render its purchase void and therefore

28  defeat its claim for declaratory relief with respect to ownership.  See In re Cass, 476 B.R. 602, 614

United States District Court
Northern District of California

10

1   (Bankr. C.D. Cal. 2012), aff'd, No. ADV 12-1235-RK, 2013 WL 1459272 (B.A.P. 9th Cir. Apr.

2   11, 2013), aff'd, 606 F. App'x 318 (9th Cir. 2015) ("It is a deeply rooted principle of case law that

3   a fraudulent transfer is inherently wrong, and is thus, void.").  For that reason, adjudicating these

4   claims at the same time will also promote judicial economy.

5        Accordingly, the Court grants Rearden's motion for clarification, and the fraudulent

6   transfer counterclaim will proceed with the ownership issues to be heard at trial in December

7   2016.

                                    **CONCLUSION**

9        In sum, the Court grants Rearden's motion to set aside the order substituting VGH as

10  Plaintiff due to SHST's fraud on the Court.  The Court also grants Rearden's motion for

11  clarification and holds that the fraudulent transfer counterclaim will proceed with the ownership

12  issues to be heard at trial in December 2016.

13       IT IS SO ORDERED.

14  Dated: August 11, 2016

15  _____

16                          JON S. TIGAR
                     United States District Judge