KILPATRICK TOWNSEND & STOCKTON LLP
JON MICHAELSON (State Bar No. 83815)
jmichaelson@kilpatricktownsend.com
SCOTT KOLASSA (State Bar No. 294732)
skolassa@kilpatricktownsend.com
FRANCES B. COX (State Bar No. 133696)
ncox@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA  94025
Telephone:   650 326 2400
Facsimile:    650 326 2422

KILPATRICK TOWNSEND & STOCKTON LLP
HOLLY GAUDREAU (State Bar No. 209114)
hgaudreau@kilpatricktownsend.com
DARIUS C. Samerotte (State Bar No. 296252)
dsamerotte@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:    415 576 0300

Attorneys for VIRTUE GLOBAL HOLDINGS LIMITED

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD, a People's Republic of China Corporation,<br><br>Plaintiff,<br><br>v.<br><br>REARDEN, LLC, a California Limited Liability Company; REARDEN MOVA, LLC, a California Limited Liability Company; MO2, LLC, a California Limited Liability Company; and MOVA, LLC, a California Limited Liability Company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:15-cv-00797 JST (SK)<br><br>**VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE**<br><br>Date:         September 29, 2016<br>Time:        2:00 p.m.<br>Location:  Courtroom 9, 19th Floor<br>Judge:       Honorable Jon S. Tigar<br><br>Action Filed:  February 20, 2015 |



VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE
Case No. 3:15-cv-00797 JST (SK)

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on September 29, 2016, at 2:00 p.m., or as soon thereafter as counsel may be heard before the Honorable Jon S. Tigar in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Third-Party Virtue Global Holdings Limited ("VGH") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 24, to intervene in this matter.

On August 24, 2016, the Court clarified that its August 11, 2016, Order Regarding Motion to Set Aside Order and Motion for Clarification (Dkt. 269, "Rescission Order") removed VGH as a counterclaim defendant and as a substituted plaintiff, and thus as party to this case. (Dkt. 282.) Consistent with those orders, VGH requests that the Court recognize VGH's right to intervene pursuant to Federal Rule of Civil Procedure 24 or, in the alternative, exercise its discretion to allow VGH's permissive intervention.

This motion is based on this notice, the attached memorandum of points and authorities, the proposed order, the pleadings and papers on file in this action or deemed to be on file at the time this motion is heard, other such evidence and argument as may be presented in connection with the hearing of this motion, and all matters of which the Court may take judicial notice.

DATED: August 24, 2016              Respectfully submitted,

                                    KILPATRICK TOWNSEND & STOCKTON LLP


                                    By: */s/ Scott Kolassa*
                                        JON MICHAELSON
                                        SCOTT KOLASSA
                                        FRANCES B. COX
                                        HOLLY GAUDREAU
                                        DARIUS SAMEROTTE

                                    Attorneys for
                                    VIRTUE GLOBAL HOLDINGS LIMITED



VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE
Case No. 3:15-cv-00797 JST (SK)

- 1 -

## I. INTRODUCTION

The Court's August 11, 2016, Rescission Order "set aside the order substituting VGH as Plaintiff." (Dkt. 269 at 9.) On August 24, the Court clarified that VGH was no longer a party to this case in any capacity and should move to intervene. (Dkt. 282.) VGH accordingly moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, seeks permission of the Court to intervene pursuant to Rule 24(b).

VGH has a right to intervene. VGH claims ownership of the MOVA Assets, the property that is the subject of this action. The transactions that are the subject of this action are all pertinent to and determinative of VGH's ownership of the MOVA Assets, including, but not limited to: Defendants' employment and related agreements with Greg LaSalle, none of which required him to assign the MOVA Assets to any of them; Defendants' interactions with Greg LaSalle whereby they waived and/or are estopped from asserting any right themselves to assert ownership of the MOVA Assets; Defendants' fraud upon the patent office; the transactions that culminated in the transfer of the MOVA Assets from OL2, Inc. to Original MO2; the subsequent transfer of title to the MOVA Assets to Shenzhenshi Haiticheng Science and Technology Co., Ltd. ("SHST"); and, finally, the transfer of title from SHST to VGH. SHST's disappearance demonstrates that SHST cannot adequately represent VGH's interests. If this action is resolved by a finding in favor of Defendants and against SHST, with no opportunity for VGH to protect its own interests, then VGH would have been deprived of its property, the MOVA Assets, without due process of law. Controlling case law and the interests of justice require that VGH be allowed to intervene.

Permissive intervention is appropriate because VGH "has a claim or defense that shares with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B) and 24(b)(3).

## II. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure requires courts to permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede



VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE
Case No. 3:15-cv-00797 JST (SK)

- 1 -

1 the movant's ability to protect its interest, unless existing parties adequately represent that
2 interest." Fed. R. Civ. P. 24(a)(2).

3     Courts have discretion to grant intervention to parties with "a claim or defense that
4 shares with the main action a common question of law or fact" if intervention will not "unduly
5 delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B) and
6 24(b)(3). "Where there exists a sufficiently close relationship between the claims and defenses of
7 the intervenor and those of the original [party] to permit adjudication of all claims in one forum
8 and in one suit without unnecessary delay—and to avoid as well the delay and waste of judicial
9 resources attendant upon requiring separate trials—the district court is without discretion to deny
10 the intervenor the opportunity to advance such claims." *Stewart-Warner Corp. v. Westinghouse*
11 *Elec. Corp.*, 325 F.2d 822, 827 (2d Cir. 1963).

12 **III.   PROCEDURAL HISTORY AND FACTS**

13     As the Court is familiar with the factual and procedural history of this case, this recitation
14 is limited to the facts relevant here.

15     In August 2012, the MOVA Assets were owned by OnLive, Inc.  OnLive transferred
16 the assets to OL2, Inc.  Original MO2 acquired MOVA from OL2 in February 2013.  Defendants
17 assert that this acquisition was for the benefit of one of them or their predecessors and that
18 Original MO2, formed by LaSalle, has an obligation to assign the MOVA Assets accordingly.[1]
19 SHST and VGH contend that neither Original MO2 nor LaSalle had any such obligation and that
20 even if they did, Defendants waived and/or are estopped from asserting any such right they may
21 have had—and that as a result the subsequent assignments from Original MO2 to SHST and from
22 SHST to VGH are effective.

23     SHST initiated this lawsuit in February 2015 to, essentially, quiet title to the MOVA
24 Assets.  (*See* Dkt. 1.)  SHST sought, *inter alia,* declaratory relief that none of Defendants had an
25 ownership interest in the MOVA Assets and that the purported assignments filed by Defendants in
26 the U.S. Patent and Trademark Office were invalid.  (Dkt. 1, 6:6-15.)  Defendants responded with

27 ─────────────
[1] That alleged obligation was governed by an arbitration agreement between LaSalle and
28 Defendant Rearden, which Rearden declined to invoke.



VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE
Case No. 3:15-cv-00797 JST (SK)                                                                           - 2 -

Case 3:15-cv-00797-JST   Document 283   Filed 08/24/16   Page 5 of 8

1  their own claim for declaratory relief that Defendant Rearden Mova owned the MOVA Assets.

2  (Dkt. 21 at 17:9-10.)

3        On June 30, 2015, Defendants filed a motion for summary judgment in an attempt to

4  establish that Defendant Rearden Mova owned the MOVA Assets pursuant to one of the agree-

5  ments which LaSalle had signed in August 2012 with Defendant Rearden. Plaintiff opposed.

6  The Court identified genuine issues of material fact and denied summary judgment on October 15.

7  (Dkt. 52.)

8        At the parties' request, the Court later bifurcated this case so that "the sole issue being

9  litigated in this first phase of litigation is the issue of ownership of the MOVA Assets." (Dkt. 252

10 at 3; *see also* Dkt. 269 at 11:9-11 (ordering that Defendants' claim of fraudulent transfer be

11 considered during the first phase).)

12       On March 21, 2016, VGH substituted for SHST as Plaintiff and voluntarily became a

13 counterclaim defendant as to all of Defendants' affirmative charges. (Dkt. 92, 96.) VGH then

14 filed a First Amended Complaint requesting, *inter alia,* the same declaratory relief previously

15 sought by SHST: that the Court declare that none of Defendants "has any ownership interest"

16 in the MOVA Assets. (Dkt. 93 at 9:16-17.) Defendants filed an answer and amended their

17 counterclaims to add a twentieth counterclaim, alleging that the December 2015 transfer of

18 MOVA from SHST to VGH was fraudulent. (Dkt. 102 at 77-78.)

19       On April 18, 2016, VGH and SHST responded to Defendants' declaratory relief claim

20 of ownership only. (Dkt. 111 at 1, n.1.) They did not respond to the fraudulent transfer

21 allegations because they understood that theory to belong in the second phase of the bifurcated

22 proceedings, like Defendants' other later-added counterclaims, and that their obligation to respond

23 had therefore been stayed. (*See* Dkt. 72, 73, 75, 77, 80 and 86.)

24       On August 11, 2016, the Rescission Order set aside the substitution of VGH for SHST and

25 made the fraudulent transfer counterclaim part of the first phase of this case. (Dkt. 269, 11.) The

26 Court has clarified that the Rescission Order completely removed VGH as a party. (Dkt. 282.)

27 / / /

28 / / /



VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE
Case No. 3:15-cv-00797 JST (SK)

- 3 -

## IV. ARGUMENT

### A. Intervention as of Right is Appropriate Because VGH Satisfies the Requirements of Rule 24(a)(2).

The Federal Rules of Civil Procedure state that "on timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

#### 1. This motion is timely.

VGH brings this motion the same day the Court clarified that VGH was no longer a party to this case in any capacity. Moreover, Defendants have been aware of VGH's claims and its asserted ownership of the MOVA Assets since at least early 2016. Defendants operated as if VGH were the plaintiff from that time until the Court issued the Rescission Order.

Also, neither VGH nor SHST has yet answered Defendants' counterclaim that the transfer from SHST to VGH was a fraudulent transfer because, until the Court's order of August 11, 2016, the claim was considered stayed in light of the bifurcation. (*Compare* Dkt. 111 (answer to amended counterclaims, which did not include an answer to paragraphs 425-434 of Defendants' amended counterclaims) *with* Dkt. 102 (those amended counterclaims, asserting fraudulent transfer in paragraphs 425-434); *see also* Dkt. 111 at n.1.) Only in connection with the Rescission Order did it become clear that this claim was part of the first stage of the bifurcated proceedings. (*See* Dkt. 269 at 11:9-12.)

Finally, all of the claims that VGH currently plans to assert on intervention have been in this case since the filing of the original complaint in February 2015. Defendants have long known these claims were at issue and have conducted discovery with these claims in mind.

#### 2. VGH owns the MOVA Assets which are the subject of this litigation.

VGH's claim of ownership of the MOVA Assets is based on evidence already in the record and testimony that available witnesses have indicated they will provide. Relevant facts include the

/ / /



VIRTUE GLOBAL HOLDINGS LIMITED'S MOTION TO INTERVENE
Case No. 3:15-cv-00797 JST (SK)

- 4 -

transfer of the MOVA Assets, with Stephen Perlman's blessing, from OL2 to Original MO2, the transfer from Original MO2 to SHST, and the transfer from SHST to VGH.

Because VGH claims ownership of the MOVA Assets, and because the ownership of those assets is precisely what this case is about, the next question is whether the current plaintiff (SHST) can protect VGH's interest in those assets. It cannot.

### 3. Disposing of the action without VGH will impair VGH's ability to protect its interest in the MOVA Assets and to recover damages for the harm it suffered at the hands of Defendants.

As this Court has already observed—and to the dismay of all involved—SHST has ceased communicating with counsel and otherwise participating in this litigation. (*See* Rescission Order, Dkt. 269 at 2:25-3:11.) VGH is no longer a party. Thus, there is no party to protect VGH's interests in the MOVA Assets.

It is therefore likely that, absent VGH's involvement, this case will not end with an adjudication on the merits. Instead, absent intervention, issues such as Defendants' reliance on an agreement signed by LaSalle in August 2012 to establish ownership, Defendants' waiver and/or estoppel to assert any supposed rights under that agreement, and the transactions that led to SHST's ownership of the MOVA Assets will be decided without effective representation, depriving VGH of its claim to the MOVA Assets and the opportunity to seek redress for the harm it and the MOVA Assets suffered at Defendants' hands.[2]

### B. If Intervention as of Right is Denied, Permissive Intervention is Proper: VGH's Claims and Defenses Share Common Questions of Law or Fact With Those at Issue in the Case and There is No Undue Delay or Prejudice.

Even if VGH's ability to protect its interests would not be impaired by its absence from this case, a situation that would compel intervention, the Court may still permit intervention if VGH's claims and defenses share questions of law or fact with those already in the case.

Again, VGH's affirmative claims of ownership and damages, as well as any defense to the fraudulent transfer claim, are based on the facts already at issue in this case due to SHST's

---

[2] If VGH does not intervene, or is not joined by Defendants, it is also not clear how Defendants can obtain the relief they seek. The intellectual property that Defendants seek to "recover" from SHST is in the hands of VGH.



1  claims and Defendants' counterclaims against SHST. VGH's claims and defenses implicate
2  few—if any—questions of law or fact that are not already in this case.
3      As explained above, there is no undue delay in this motion. Nor is there undue prejudice
4  to Defendants. During the almost five months Defendants litigated with VGH as plaintiff,
5  Defendants did not once claimed prejudice due to the inclusion of VGH (in contrast to their claims
6  of prejudice from the lack of involvement by SHST).

## V.   CONCLUSION

VGH respectfully requests that the Court allow VGH to intervene in this case, either as of right or with the Court's permission, and that VGH be given fourteen days to file an intervenor's complaint against Defendants.

DATED: August 24, 2016                    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Scott Kolassa*
    JON MICHAELSON
    SCOTT KOLASSA
    FRANCES B. COX
    HOLLY GAUDREAU
    DARIUS SAMEROTTE

Attorneys for
VIRTUE GLOBAL HOLDINGS LIMITED

68697170V.1

