1   Karen I. Boyd (State Bar No. 189808)
    boyd@turnerboyd.com
2   Jennifer Seraphine (State Bar No. 245463)
    seraphine@turnerboyd.com
3   Zhuanjia Gu (State Bar No. 244863)
    gu@turnerboyd.com
4   TURNER BOYD LLP
    702 Marshall Street, Suite 640
5   Redwood City, California 94063
    Telephone:  (650) 521-5930
6   Facsimile:  (650) 521-5931

7   Attorneys for Defendants/Counterclaim Plaintiffs
    REARDEN, LLC, REARDEN MOVA, LLC,
8   MO2, LLC, and MOVA, LLC

9

10                  UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14

15  SHENZHENSHI HAITIECHENG SCIENCE          Case No. 3:15-cv-00797-JST (SK)
    AND TECHNOLOGY CO., LTD.,

16                                           **OPPOSITION TO SHST'S
                                             ADMINISTRATIVE MOTION TO
17              Plaintiff,                    AUGMENT THE RECORD IN
                                             SUPPORT OF MOTION FOR DE
18  v.                                       NOVO DETERMINATION OF
                                             DISPOSITIVE MATTER REFERRED
19  REARDEN LLC, REARDEN MOVA, LLC,          TO MAGISTRATE JUDGE**
    MO2, LLC, and MOVA, LLC,

20              Defendants.

21  Defendants.                              Date:      September 29, 2016
                                             Time:      2:00 p.m.
22  _____          Judge:     Hon. Jon S. Tigar
                                             Location:  Courtroom 9
23  AND RELATED COUNTERCLAIMS

24

25

26

27

28

OPPOSITION TO ADMINISTRATIVE                        CASE NO. 3:15-CV-00797-JST (SK)
MOTION TO AUGMENT THE RECORD

1    Shenzhenshi Haitiecheng Science and Technology Co. ("SHST") filed a motion to augment

2   the record (D.I. 288) ("Motion to Augment") in support of its Motion for De Novo Determination of

3   the Dispositive Matter (D.I. 265) ("Motion for De Novo Review")[1] seeking to insert into the record a

4   declaration by the Chief Executive Officer of Digital Domain Holdings Limited ("DDHL") and

5   VGH Director, Ang Seah (a.k.a. Daniel Seah).

6    The sole justification offered for this new evidence is SHST's assertion that Defendants have

7   argued issue preclusion for the first time in their opposition to SHST's motion for de novo review of

8   Magistrate Kim's report and recommendation to enter default against SHST.  (D.I. 288, p. 1.)  But

9   Defendants did not request a holding of issue preclusion.  Rather, Defendants merely explained that

10  the risk of inconsistent judgments is lessened because of the likelihood of a future finding of issue

11  preclusion.

12   Moreover, and contrary to SHST's assertions, the underlying factual basis for Defendants'

13  arguments that judgment against SHST would also bind VGH was repeatedly presented during

14  Defendants' pursuit of default judgment against SHST.  None of those facts have changed.  SHST

15  and/or VGH could have filed Mr. Seah's declaration long before the Motion to Augment, but did

16  not.  Mr. Seah's declaration also contradicts prior positions of SHST and VGH.  Accordingly,

17  defendants Rearden, LLC, Rearden Mova, LLC, MO2, LLC, and Mova, LLC ("Defendants")

18  respectfully request that the Court deny the Motion to Augment.

19   Defendants argue in the opposition to the Motion for De Novo Review that judgment against

20  SHST would bind VGH because, *inter alia*, the two parties share the same counsel and the same

21  individuals have controlled the litigation.  (*See* D.I. 280, pp. 13-17.)  SHST and VGH have long

22  been aware of these facts and Defendants' contentions based on them.  For example, in response to

23  VGH's contentions that the court should delay entry of default judgment, Defendants argued "VGH

24  and SHST are related companies, have the same representatives, and are represented by the same

25  counsel."  (D.I. 158, n. 3, filed on May 26, 2016.)  Defendants also pointed out that VGH and SHST

26

27  _____

[1] The Motion for De Novo Review was originally filed by counterclaim defendant SHST and then-plaintiff Virtue Global Holdings Limited ("VGH"), but VGH is no longer a party to this case as of
28  August 11, 2016 (D.I. 269).  SHST has been reinstated as plaintiff in this case and replied to the Motion for De Novo Review.  VGH did not file a reply in support of the Motion for De Novo Review.

OPPOSITION TO ADMINISTRATIVE                          1                    CASE NO. 3:15-CV-00797-JST (SK)
MOTION TO AUGMENT THE RECORD

1    identified the same individuals who were in control of the litigation.  (*See* D.I. 158, p. 5 ("Instead,

2    the only VGH/SHST witnesses identified in the Initial Disclosures, discovery responses, and

3    privilege log (served May 18, 2016) are Amit Chopra, COO of DDHL, and Joseph Gabriel, Vice

4    President and General Counsel of Digital Domain 3.0 ("DD3").")

5         SHST offers Mr. Seah's declaration purportedly to show that "VGH was powerless to control

6    SHST" and that "neither VGH nor DDHL did or could control" either Ms. Xiao or SHST.  (D.I. 287,

7    p. 10.)  The question of whether VGH had any control over SHST, however, was the subject of

8    heated debate during the briefing for Defendants' Motion for Preliminary Injunction based on the

9    fraudulent conveyance counterclaim.  Indeed, the contention that VGH did not exert any control or

10   influence over SHST was first brought up in briefing for Defendants' Motion for Preliminary

11   Injunction, and Mr. Seah's declaration purporting to rebut the same allegations relating to VGH's

12   relationship to SHST could have been filed long before this Motion to Augment.  But filing Mr.

13   Seah's declaration in support of SHST/VGH's opposition to the Motion for Preliminary Injunction

14   was disadvantageous for SHST/VGH's contentions there.  SHST and VGH argued in the opposition

15   to the Motion for Preliminary Injunction that Defendants' proposed injunction could not bind DD3

16   as a third party.  (*See* D.I. 151, p. 7.)  Mr. Seah's declaration, disavowing any ownership interest

17   between SHST and DD3 (*see* D.I. 288-1, p. 3), would have prompted the uncomfortable question of

18   why two allegedly unrelated entities cooperated to acquire the MOVA Assets.  Indeed, during the

19   hearing on the Motion for Preliminary Injunction, the Court asked counsel for SHST and VGH

20   precisely that question, "how can I conclude that DD3 and SHST are completely independent

21   entities when the general counsel of one of them says that he represented the other one in connection

22   with the transfer of the assets between those two entities?"  (June 16, 2016 Tigar Transcript, p. 12.)

23   Having elected not to file Mr. Seah's declaration sooner, SHST should not be allowed to file his

24   declaration now, when it can no longer adversely impact SHST's contentions in its opposition to the

25   Motion for Preliminary Injunction.

26        SHST's Motion to Augment should also be denied because Mr. Seah's declaration is

27   inconsistent with other positions that SHST and/or VGH have taken.  For example, the declaration

28   states that "DDHL did not have any contact with any other employees or officers of SHST (if any

1    existed)", and that "Ms. Xiao also cooperated with DDHL to reach an agreement signed in mid-

2    December 2015 by which SHST transferred MOVA to VGH". (D.I. 288-1, Ex. A, ¶ 6)  However,

3    before SHST disappeared and again in June of 2016, SHST's counsel produced what are allegedly

4    SHST corporate documents that show the existence of SHST officers other than Ms. Xiao.

5    Defendants have also served an interrogatory requesting the identity of "all ***directors, shareholders,***

6    ***and/or employees of SHST*** and/or VGH… with knowledge of the ***alleged acquisition of the MOVA***

7    ***Assets by VGH from SHST.***"  VGH provided response to this interrogatory—verified by Mr. Amit

8    Chopra, without identifying Ms. Xiao.

9         While Mr. Seah's declaration is offered to try to show that VGH does not exert any control

10   over SHST, these self-serving statements do little to clarify the issues or dispel doubt that SHST was

11   and is a sham plaintiff.  For example, despite stating that "[n]either DDHL nor any of its subsidiaries

12   or affiliates has ever held any ownership interest in SHST," the declaration does not explain why

13   "Ms. Xiao executed the asset purchase agreement by which SHST took title to the MOVA Assets,"

14   particularly since it was DDHL subsidiary DD3 that "had negotiated to obtain the MOVA Assets."

15   (D.I. 288-1, Ex. A, ¶ 5)  Mr. Seah's statements also do not explain why "[a]t all times, DDHL was

16   aware that only Ms. Xiao should be contacted by SHST," or why "DDHL did not have any contact

17   with any other employees or offices of SHST."  (¶ 6.)  Instead of clarifying the murky relationship

18   between SHST and VGH, Mr. Seah's declaration only raises additional questions.  For instance, the

19   declaration does not explain Ms. Xiao's relationship with VGH/DDHL/DD3, or any other

20   relationship among SHST, VGH, DDHL, and DD3.  Nor does the declaration answer questions that

21   go to whether SHST was a sham plaintiff, including who engaged and paid the counsel that

22   supposedly represented both SHST and VGH, and with whom at SHST that counsel spoke.  What

23   the declaration does do (or attempts to do) is limit VGH, DDHL, and/or DD3's contact with SHST

24   and, by extension, any knowledge about SHST to one person, Ms. Xiao.  Conveniently for SHST,

25   Ms. Xiao is also the person that SHST itself has ominously speculated "befell some kind of

26   misfortune," and therefore cannot contradict any statement that Mr. Seah offers.  (D.I. 287, p. 2.)

27   Accordingly, allowing Mr. Seah's declaration to be added to the record will only compound the

28

1  fundamental issue that Defendants articulated in the default judgment briefing, by expanding the

2  universe of "facts" that Defendants cannot rebut or test without SHST's substantive participation.

3

4  Dated:  September 2, 2016                              Respectfully submitted,

5                                                         TURNER BOYD LLP

6                                                 By:    */s/ Karen I. Boyd*
                                                         Karen I. Boyd (State Bar No. 189808)
7                                                        boyd@turnerboyd.com
                                                         Jennifer Seraphine (State Bar No. 245463)
8                                                        seraphine@turnerboyd.com
                                                         Zhuanjia Gu (State Bar No. 244863)
9                                                        gu@turnerboyd.com
                                                         TURNER BOYD LLP
10                                                       702 Marshall Street, Suite 640
                                                         Redwood City, California 94063
11                                                       Telephone:  (650) 521-5930
                                                         Facsimile:  (650) 521-5931
12

13                                                       *Attorneys for Defendants*
                                                         REARDEN, LLC, REARDEN MOVA, LLC,
14                                                       MO2, LLC, and MOVA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28