UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REARDEN LLC, et al.,<br><br>Defendants. | Case No.15-cv-00797-JST<br><br>**ORDER VACATING HEARING ON MOTION TO AUGMENT THE RECORD AND DENYING MOTIONS TO AUGMENT THE RECORD**<br><br>Re: Dkt. Nos. 266, 288 |

Plaintiff Shenzhenshi Haitiecheng Science and Technology ("SHST") and putative intervenor Virtue Global Holdings ("VGH") have filed two motions to augment the record in support of their motion for de novo determination of Judge Kim's report and recommendation.[1] See ECF Nos. 266, 288.[2]

Federal Rule of Civil Procedure 72(b) allows a party to object to a magistrate judge's recommendation on a dispositive issue, and the district court must review de novo any part of the magistrate judge's disposition to which a proper objection has been raised. Under Local Rule 72-3(a), the party "must specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." The objecting party may also move to supplement the record after a magistrate judge makes a

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument. The hearing on this matter, currently set for September 29, 2016, is hereby VACATED.

[2] One of these motions was filed concurrently with the Motion for De Novo Determination and is currently set for hearing on September 29, 2016. ECF Nos. 266, 290. The other motion was filed as an administrative motion and is not set for hearing. ECF No. 288.

recommendation bearing upon a dispositive issue. Civ. L.R. 72-3(b). In reviewing a magistrate judge's report and recommendation, "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).

The discretion to consider new evidence should be exercised rarely, because the purpose of referral to a magistrate judge is to reduce the evidence and issues that must be considered by the district court. See Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). "It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate." Id. Therefore, "[p]arties must take before the magistrate, not only their best shot but *all* of their shots." Id. (emphasis added) (internal quotation marks and citations omitted).

SHST and VGH ask the Court to supplement the record with the following evidence: (1) evidence that on July 29, 2016, VGH paid the monetary sanctions imposed on SHST; (2) an email chain in which Defendant Rearden postponed the deposition of Daniel Seah, the CEO of VGH's parent company, Digital Domain Holdings Limited ("DDHL"); and (3) a declaration in which Daniel Seah explains that neither DDHL nor VGH hold any ownership interest in SHST. See id. SHST and VGH argue that evidence of VGH's payment of monetary sanctions imposed against SHST demonstrates that VGH is "fully committed to litigating this case." ECF No. 266. SHST and VGH further argue that Rearden's postponement of a deposition shows that any prejudice to Rearden is "partly self-induced." Id. Finally, they argue that evidence of VGH's inability to control SHST is necessary to rebut Rearden's contention that VGH and SHST are in privity. ECF No. 288. In its opposition to the motion for de novo determination, Rearden relies on this alleged privity to argue, for the first time, that "a default judgment against SHST will reasonably bind VGH" and that, as a result, there is no risk of inconsistent judgments if the Court enters default judgment against SHST now. ECF No. 280 at 18.

The Court declines to consider the first two pieces of evidence because they are not necessary to the Court's disposition of the motion for de novo determination. The central issues before this Court are whether SHST's disappearance prejudiced Rearden's access to the true facts

1  underlying this dispute and, if so, whether the Court may enter a default sanction against SHST
2  now despite VGH's continued participation in this case. Rearden argues that it is prejudiced
3  because it is unable to question any SHST representative about the May 2013 transaction in which
4  SHST allegedly purchased the MOVA assets from MO2. VGH's remedial efforts to mitigate the
5  impact of SHST's disappearance by paying monetary sanctions levied against SHST does not
6  affect the prejudice, if any, that Rearden might have suffered. Nor does Rearden's decision to
7  postpone the deposition of Daniel Seah have any bearing on this question. In short, this evidence
8  is not relevant to Rearden's central contention that it is prejudiced because it cannot question any
9  SHST representatives about the May 2013 transaction in which SHST allegedly purchased the
10 MOVA assets.

11          The Court also refuses to consider the evidence related to VGH's lack of control over
12 SHST. Although this evidence is relevant to the extent it seeks to rebut Rearden's argument that
13 VGH would be bound by a default judgment against SHST, Rearden did not raise that legal
14 argument before Judge Kim. See ECF No. 215 at 5 (moving for entry of default judgment solely
15 against SHST); Report and Recommendation, ECF No. 252 at 1 ("Rearden's motion was directed
16 solely to SHST and not to VGH."). Nor did Rearden object to Judge Kim's explicit
17 recommendation that "no action be taken against Plaintiff Virtue Global Holdings, Ltd. ("VGH")."
18 ECF No. 252 at 1. Although this Court has discretion to consider new legal arguments that were
19 not presented to the magistrate judge, "the ordinary attitude should be to refuse to entertain
20 objections based on legal arguments that were not presented to the magistrate judge." 12 Fed.
21 Prac. & Proc. Civ. § 3070.2 (2d ed.). The Court declines to exercise its discretion here because
22 Rearden failed to present this argument despite several opportunities to do so. SHST and VGH
23 repeatedly argued before Judge Kim that the Court should delay entry of default judgment against
24 SHST because it would create a risk of inconsistent judgments. See ECF No. 154 at 14; ECF No.
25 224 at 21. Rearden therefore had multiple opportunities to argue that collateral estoppel lessened
26 / / /
27 / / /
28 / / /

1  the risk of inconsistent judgments, but failed to do so.  Because the Court refuses to consider

2  Rearden's new legal argument, it need not consider new evidence intended to rebut that argument.

3  The motions are denied.

4  IT IS SO ORDERED.

5  Dated:  September 21, 2016

6  _____
JON S. TIGAR
7  United States District Judge