UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., et al.,

Plaintiffs,

v.

REARDEN LLC, et al.,

Defendants.

Case No.15-cv-00797-JST

**ORDER RE MOTIONS IN LIMINE**

Re: ECF Nos. 316, 317

Following are the Court's rulings on the remaining two motions in limine filed in advance of the Phase One trial scheduled for December 5, 2017.

<u>Defendants' Motion in Limine No. 3 (ECF No. 316)</u>

By this motion, Defendants move to exclude 19 documents produced by Plaintiffs on October 5, 7, and 20, 2016, almost four months after the close of fact discovery. ECF No. 124. Plaintiffs produced the documents after they received them from third party Greg LaSalle.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, there is no dispute that LaSalle's documents were produced after the discovery cut-off. The late production also is clearly not "harmless," since the documents contain signatures that go to the heart of the parties' dispute.[1] Plaintiffs argue that the Court should nonetheless decline

---

[1] At the hearing on this motion, Plaintiffs' counsel stated that the admission of the documents made no difference to the trial, a position that is totally at odds with Plaintiffs' vigorous opposition to the motion. In any event, the case is on the eve of trial, and allowing Defendants to respond to this late production would require additional discovery and a continuance of the trial. "Disruption

to impose sanctions because the late production was substantially justified. They argue that they could not have produced documents they did not have, and they turned them over as soon as LaSalle provided them.

This argument does not persuade the Court. LaSalle previously searched for and produced documents voluntarily to Plaintiffs, but allegedly failed to locate the disputed documents. In October 2016, apparently realizing or at least suspecting that LaSalle had additional documents, Plaintiffs' counsel asked him to search his physical files, which is where he located the documents.[2] ECF No. 328-1 at 2. There is no reason Plaintiffs' counsel could not have asked LaSalle to search his physical files earlier, particularly since their actions show that they suspected that additional documents existed, and the Court will not reward their failure to do so by allowing them to introduce the late-produced documents at trial. LaSalle was not under any court compulsion at the time he made either of his searches, but Plaintiffs' counsel were. "Had such a request been made, it is indisputable that the documents-in-question would have been located, especially given the ease with which Mr. [LaSalle] eventually discovered" them. Rodman v. Safeway Inc., No. 11-CV-03003-JST, 2016 WL 5791210, at *3 (N.D. Cal. Oct. 4, 2016). The Court finds that there was no substantial justification for the late production of the disputed documents.

Defendants' Motion in Limine Number Three is granted.[3]

### Defendants' Motion in Limine No. 4 (ECF No. 317)

By this motion, Defendants' seek to exclude from trial several exhibits for which they claim attorney-client privilege. The motion asks the Court to reconsider its prior rulings that Defendants have no attorney-client privilege that they are entitled to assert relative to the documents in

///

///

---

to the schedule of the court and other parties . . . is not harmless." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005).
[2] No one explains why LaSalle did not search his physical files earlier.
[3] No party has asked for a lesser sanction, and the Court concludes that one would not be appropriate. The late production occurred on the eve of trial.

question. ECF Nos. 103, 157.  The Court has already denied a motion for reconsideration on this issue.  ECF No. 167.

Defendants' Motion in Limine Number Four is denied.

IT IS SO ORDERED.

Dated:  November 15, 2016

_____
JON S. TIGAR
United States District Judge