KILPATRICK TOWNSEND & STOCKTON LLP
JON MICHAELSON (SBN 83815)
jmichaelson@kilpatricktownsend.com
SCOTT KOLASSA (SBN 294732)
skolassa@kilpatricktownsend.com
FRANCES B. COX (SBN 133696)
ncox@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA  94025
Telephone: 650 326 2400 / Facsimile: 650 326 2422

KILPATRICK TOWNSEND & STOCKTON LLP
HOLLY GAUDREAU (SBN 209114)
hgaudreau@kilpatricktownsend.com
BENJAMIN M. KLEINMAN-GREEN (SBN 261846)
bkleinman-green@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone: 415 576 0200 / Facsimile: 415 576 0300

Attorneys for Plaintiff and Counterclaim Defendant
SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD. and Intervenor
VIRTUE GLOBAL HOLDINGS LIMITED

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., a People's Republic of China corporation,<br><br>    Plaintiff,<br><br>and<br><br>VIRTUE GLOBAL HOLDINGS LIMITED, a business company incorporated in the British Virgin Islands,<br><br>    Intervenor,<br><br>v.<br><br>REARDEN, LLC, a California Limited Liability Company; REARDEN MOVA, LLC, a California Limited Liability Company; MO2, LLC, a California Limited Liability Company; and MOVA, LLC, a California Limited Liability Company,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 3:15-cv-00797 JST (SK)<br><br>**VIRTUE GLOBAL HOLDINGS LIMITED'S MEMORANDUM IN SUPPORT OF ALLOWING MR. CHOPRA TO ATTEND TRIAL UNDER FRE 615(B)**<br><br>Trial Date: December 5, 2016<br>Time:      8:30 a.m.<br>Ctrm:      15, 18th Floor<br>Judge:     Hon. Jon S. Tigar |

On December 3, 2016, the parties met and conferred regarding Mr. Chopra attending trial as the designated representative for trial of Intervenor Virtue Global Holdings Limited ("VGH"). Defendants maintained their opposition. Defendants also declined to submit to the Court a joint letter setting out the respective positions of the parties. VGH therefore submits this memorandum, which it has provided to Defendants, ahead of the oral arguments that the Court indicated would be heard on the morning of December 5.

VGH respectfully requests that the Court accept Amit Chopra as its designated representative for trial pursuant to Federal Rule of Evidence 615. Per its subpart (b), Rule 615 "does not authorize excluding … an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney … ."

The original notes relative to Rule 615 state, "[a]s the equivalent of the right of a natural-person party to be present, a party which is not a natural person is **entitled** to have a representative present." (FRE 615, Notes of Advisory Committee on Proposed Rules, emphasis added). *See also Opus 3 Ltd. v. Heritage Park Inc.*, 91 F.3d 625, 628 (4th Cir. 1996) ("Despite the powerful policies behind sequestration, the rule must yield to the yet more powerful confrontation and due process considerations of allowing the parties themselves to be in court and to present their cases.").

Rule 615 on its face limits the representative to which VGH is entitled to an officer or employee of the company. However, VGH – as a British Virgin Islands entity – has only directors, and not officers. And because it is a holding company, it has no direct employees in the sense of individuals who provide labor in exchange for compensation from the company. Nevertheless, these facts should not abrogate the right of VGH to have a representative at trial.

VGH designates in this regard its authorized agent in the United States, Mr. Chopra. As the Court is aware, Mr. Chopra is also the Executive Director and Chief Operating Officer of Digital Domain Holdings Limited (DDHL), the ultimate corporate parent of VGH. As its authorized agent, Mr. Chopra deals with and makes binding decisions relative to all business interests which VGH has in this country. This responsibility and authority includes management of VGH's role in this litigation, which he has exercised since the time VGH became involved directly in the case. While he may not draw a paycheck from VGH, and thus technically may not be an "employee" of the

company, he functions as one from a practical standpoint. Mr. Chopra is therefore in an appropriate position – a position better than that of anyone else – to accomplish the objective contemplated by Rule 615(b): to satisfy constitutionally-based confrontation and due process requirements.

This situation stands in contrast to other circumstances which led courts to make decisions sequestering designated witnesses. For example, Mr. Chopra is not a contractor who was given representative authority at the last minute, as was the sequestered witness in *Opus 3*. The appeals court there affirmed the district court's sequestration order because the alleged representative was "not affiliated with the [party] by way of an agent or a high managerial position" and the party "never recanted its position that [the witness] was an independent contractor who was not authorized to bind the company in any respect." *Id*. at 627-28, 630. Here, Mr. Chopra was not identified as an agent for VGH on the eve of trial and had been and remains authorized to bind VGH both generally in the U.S. and with respect to this litigation. Nor are the relationships between VGH and DDHL or between Mr. Chopra and VGH unclear, which distinguishes this situation from that in *Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa*, 699 F.2d 240, 242 (5th Cir. 1983). There, exclusion of the designee was upheld, in part, because there was nothing in the record showing the relationship between the company which employed the designee and a (tangentially if at all) related corporate party in the litigation. Here, DDHL is the corporate parent of VGH and Mr. Chopra has employee-like responsibilities for employee-less VGH.

Rule 615(b), first promulgated in 1975 and amended substantively only once (in 1998 in response to federal statutes guaranteeing certain individuals the right to attend a trial), does not contemplate civil litigation involving a foreign entity not required to have officers or a holding company which does not have employees in the traditional sense. Yet in the circumstances at hand, designation of Mr. Chopra satisfies the spirit of the provision as written, and comports as closely as possible to its words. Employment, after all, is a form of agency. *See* Restatement (Third) Of Agency § 7.07 (2006) ("an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work") (cited approvingly in Restatement of Employment Law § 1.01, Reporters' Notes). Messrs. Lei and Seah, in their roles as directors of VGH, made Mr. Chopra the designated agent for VGH in the United States, and in that sense

VGH'S MEMORANDUM IN SUPPORT OF ALLOWING MR. CHOPRA TO ATTEND TRIAL UNDER FRE 615(B) - Civil Action No. 3:15-cv-00797 JST (SK)

2

employed him to manage, among other things, VGH's United States litigation, including this case.

VGH therefore respectfully requests that Mr. Chopra be excluded from any sequestration ordered under Federal Rule of Evidence 615 and be allowed to both testify and remain at counsel's table throughout this trial.

DATED:  December 4, 2016                Respectfully submitted,

                                        KILPATRICK TOWNSEND & STOCKTON LLP


                                        By:  */s/ Jon Michaelson*
                                             JON MICHAELSON

                                        Attorneys for Intervenor VIRTUE GLOBAL HOLDINGS LIMITED

68953389V.1