1  KAREN I. BOYD (189808)
   boyd@turnerboyd.com
2  JENNIFER SERAPHINE (245463)
   seraphine@turnerboyd.com
3  ZHUANJIA GU (244863)
   gu@turnerboyd.com
4  **TURNER BOYD LLP**
   702 Marshall Street, Suite 640
5  Redwood City, CA 94063
   Telephone: (650) 521-5930
6  Fax: (650) 521-5931

7  JAMES M. WAGSTAFFE (95535)
   wagstaffe@kerrwagstaffe.com
8  FRANK BUSCH (258288)
   busch@kerrwagstaffe.com
9  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
10 San Francisco, CA 94105–1727
   Telephone: (415) 371-8500
11 Fax: (415) 371-0500

12 Attorneys for Defendants,
   REARDEN, LLC, REARDEN MOVA, LLC,
13 MO2, LLC, and MOVA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VIRTUE GLOBAL HOLDINGS LIMITED, a business company incorporated in the British Virgin Islands,<br><br>Plaintiff,<br><br>v.<br><br>REARDEN, LLC, a California Limited Liability Company; REARDEN MOVA, LLC, a California Limited Liability Company; MO2, LLC, a California Limited Liability Company; and MOVA, LLC, a California Limited Liability Company,<br><br>Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., a People's Republic of China corporation,<br><br>Counterclaim Defendant. | Case No. 3:15-cv-00797-JST (SK)<br><br>**RENEWED AND/OR CONTINUED MOTION TO STRIKE TESTIMONY OF JOSEPH GABRIEL**<br><br>Judge: Honorable Jon S. Tigar |

At the conclusion of testimony by Joseph Gabriel (Vice President and General Counsel for Digital Domain 3.0), counsel for Defendants ("Rearden") made an oral motion to strike "all testimony regarding what SHST said or what SHST signed on the grounds of hearsay and foundation." 632:5-7. The Court responded that "I'm not capable of considering that motion as framed because I don't know what the effect of the ruling would be. I'd have to go back through the transcript and decide whether SHST said or signed something." 632:8-11.

Rearden received the daily transcript later that evening, and now identifies the specific portions of the transcript to which its motion is directed.[1]

## I.   BASIS FOR OBJECTIONS

As identified on the transcript, the motion to strike was based upon two grounds: hearsay and lack of foundation. The basis for each was described during Mr. Gabriel's testimony.

### A.   HEARSAY

Federal Rule of Evidence 802 prohibits the admission of hearsay unless certain exceptions apply. Mr. Gabriel testified that he never spoke directly with anyone at SHST, but instead "All [his] communications relating to SHST had to go through someone who spoke Mandarin. And generally the way that worked was [he] would go speak to Daniel [Seah], Amit [Chopra], and Ed [Ulbrich] and tell them what [he] needed, what kind of information [he] needed, what kind of authority [he] needed; and [he] underst[oo]d that Daniel would have -- he would directly contact SHST or have someone on his team, a Mandarin speaker, speak to SHST, and then information would have to come back the next day because of the time difference." 601:9-17. Then, if he "received comments back from Ed, Daniel, or Amit during the time [he] was asking them to submit the documents to SHST to look at. . . [he] understood some of those might have come from SHST." 602:1-4. Thus, any of Mr. Gabriel's statements regarding what SHST said or did are necessarily out of court statements and cannot be used to establish that SHST, in fact, did anything at all.

---

[1] By repeatedly objecting to Mr. Gabriel's testimony, and moving to strike at the conclusion of that testimony, Rearden adequately preserved the challenges set forth herein. *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1002 (9th Cir.).

**B.    LACK OF FOUNDATION**

"When attorneys and judges refer to a lack of 'foundation,' they generally refer to a link missing in a chain of logic needed to show that the evidence is actually relevant." *United States v. Tanner*, 628 F.3d 890, 903 (7th Cir. 2010).  One such missing link is the lack of evidence sufficient to support a finding that the witness has personal knowledge of the matter.  Fed. R. Evid. 602.  Along with the testimony cited above with respect to hearsay, Mr. Gabriel agreed with the Court that "SHST had no relationship of any kind with [his] employer [DD3]."  607:17-20.  The Court further elicited Mr. Gabriel's agreement to its statement that "what happened is that you sent the documents to someone and then they gave you the documents, and that some unknown person said to you, 'These documents were signed'; correct?" 619:17-620:2.  Mr. Gabriel lacks foundation to speak to SHST's actions because his testimony shows he had no personal knowledge of SHST's actions.

**II.    SPECIFIC TESTIMONY**

The following trial testimony is the subject of Rearden's motion to strike:

| *Testimony* | *Basis for Objection* |
| --- | --- |
| "So when I had the signatures that were obtained through Amit -- through Daniel's team from SHST, I sent those on to Mr. Heyl." 603:3-5. | Hearsay, lack of foundation |
| "Q. So as I understand, you received signed documents or documents that were signed by SHST? A. Yes." 605:23-25. | Hearsay, lack of foundation |
| "Q. Do you recognize that as one of the -- a copy of one of the executed documents you received from SHST? A. Yes." 606:13-15. | Lack of foundation (a hearsay objection was made and overruled) |
| "Q. Did you obtain from SHST its signature on all of the items that needed to be executed to make this agreement effective? A. Yes." 606:25-607:2. | Lack of foundation (a hearsay objection was made and overruled, see 609:21-610:12) |
| "Q. Just to repeat the question -- you may have answered; and if so, I apologize -- did you obtain from SHST, as you understood, and | Hearsay, lack of foundation |

| | |
|---|---|
| provide to Mr. Heyl all of the signatures that were necessary under this document?<br>A. Yes." 609:8-12. | |
| "After you supplied to Mr. Heyl signature pages signed or, as we see here, bearing the chop of SHST" 609:16-17. | Hearsay, lack of foundation |
| "She was the one in communication, since she was a Mandarin speaker, with SHST in coordinating the signature process." 611:21-22. | Hearsay, lack of foundation |
| "It was to go through the channels of communication to make sure that SHST had followed through and complete the execution of this agreement and send it back to me so I had it on file." 618:21-23. | Hearsay, lack of foundation |
| "Q. … Has SHST to your knowledge ever attempted to pay patent maintenance fees for any of the Mova patents?<br>A. Yes.<br>Q. What happened?<br>A. They were rejected.<br>Q. Do you have an understanding as to why?<br>A. Because -- my best understanding is because they were inconsistent with current filings at the Patent and Trademark Office." 626:3-12. | Hearsay, lack of foundation |
| "whether we could do it in light of the fact that SHST's attempts were rejected as well" 626:16-18. | Hearsay, lack of foundation |

### III.   CONCLUSION

For the reasons expressed in Court, including those reproduced here, Rearden moves to strike the portions of the transcript set forth above on the basis of hearsay and/or lack of foundation.

Date: December 11, 2016              **TURNER BOYD LLP**

                                     By  /s/ *Karen I. Boyd*
                                         KAREN I. BOYD

                                     Attorneys for Defendants,
                                     REARDEN, LLC, REARDEN MOVA, LLC,
                                     MO2, LLC, and MOVA, LLC

3