UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD.,<br><br>  Plaintiff<br><br>  and<br><br>VIRTUE GLOBAL HOLDINGS LIMITED,<br><br>  Intervenor<br><br>  v.<br><br>REARDEN LLC, et al.,<br><br>  Defendants. | Case No. 15-cv-00797-JST<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY ENFORCEMENT**<br><br>Re: ECF No. 439 |

Before the Court is Plaintiff Virtue Global Holdings Limited's ("VGH") Motion to Stay Enforcement Pending Appeal ("Motion"). ECF No. 439. The Court will deny the motion.

**I.  BACKGROUND**

On August 11, 2017, the Court filed a Statement of Decision ("Decision") in favor of Defendant Rearden LLC ("Rearden") and ordered that Rearden be allowed to take possession of the MOVA assets. ECF No. 427. On September 21, 2017, VGH filed the instant motion to stay the Court's order pending review by the Ninth Circuit. ECF No. 439. Rearden opposes the motion. ECF No. 460. VGH filed a reply brief on October 12, 2017. ECF No. 461.

**II. LEGAL STANDARD**

The decision to grant a stay is subject to judicial discretion, and the moving party "bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). The "traditional" standard set forth in Hilton v. Braunskill applies "where a party seeks to stay enforcement of a judgment or order pending an appeal of that

same judgment or order in the same case." Lal v. Capital One Fin. Corp., No. 16-CV-06674-BLF, 2017 WL 282895, at *2 (N.D. Cal. Jan. 23, 2017) (internal citation omitted). Under that standard, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 426 (citing Hilton v. Braunskill, 481 U.S. 770, 776, (1987)). The first two factors are the most critical. Id. at 434.

## III. DISCUSSION

### A. Likelihood of Success on the Merits

To demonstrate likelihood of success on the merits, the movant must demonstrate that the "chance of success on the merits is better than negligible" and that there is "more than a mere possibility of relief." Id. (internal quotation marks and citations omitted). "[I]n order to justify a stay, a petitioner must show, at a minimum, that [it] has a substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011)

VGH argues it is likely to succeed on appeal for three reasons. First, it contends that the Court was incorrect in its witness credibility determinations. ECF No. 439 at 5. The Court's decision explicitly stated that "no party's witnesses were entirely credible," but that Steve Perlman ("Perlman") was the most credible and that conflicts in the testimony were resolved in his favor. ECF No. 427 at 2 n.3. The Court explained why certain testimony was or was not afforded great weight and described which factors were most significant in its findings. See Id. at 1-14.[1] Perhaps unsurprisingly, the Court does not feel that it erred in its evaluation of witness credibility. Second, VGH contends that the Court erred by failing to address the argument that "the MOVA assets are not 'Proprietary Information' as contemplated by the PIIA," or in the alternative, erred "by failing to apply the correct principles of contract interpretation." ECF No. 439 at 5-6. In making its decision, the Court examined the language of the PIIA in conjunction with the testimony and evidence presented. See ECF No. 427 at 15-18. In doing so, the Court explained

---

[1] ECF No. 427, pages 5-7, 9, and 13 discuss the testimonies of Greg LaSalle, Steve Perlman, Gary Lauder, and Amit Chopra. Pages 1-14 reflect the Court's general findings of fact.

2

why the record indicated that the assets belong to Rearden. Id. The record supports the Court's conclusions. Third, VGH asserts that the actions of Perlman and Rearden left both with unclean hands, thereby barring their right to any legal remedy. ECF No. 439 at 6. The Court addressed this when it stated that there was "no evidence presented at trial that VGH (or DD3 or SHST) ever relied on any statements or omissions by Rearden or Perlman," and that any reliance by Gary Lauder "is irrelevant, because he was not injured and he is not a party." See id.; ECF No. 427 at 16-17. VGH offers no additional authority or information distinct from that which it presented during trial or in its post-trial briefing. See ECF No. 439; ECF No. 461 at 4. Thus, the Court has no legal basis to grant a stay. See Equalia, LLC v. Kushgo LLC, No. 216-CV-02851-RFB-CWH, 2017 WL 923922, at *2 (D. Nev. Mar. 8, 2017), appeal dismissed, No. 2017-1658, 2017 WL 3631701 (Fed. Cir. Mar. 23, 2017) ("[W]ith no new evidence as to the merits, equities, or public interest, the Court finds no legal basis to grant the motion to stay.").

### B. Irreparable Injury to the Moving Party

"Simply showing some possibility of irreparable injury" fails to satisfy the second factor. Nken, 556 U.S. at 434-435 (internal citations and quotation marks omitted). Instead, the stay applicant must show that "an irreparable injury is the more probable or likely outcome." Leiva-Perez v. Holder, 640 F.3d at 968. "Speculative injury cannot be the basis for a finding of irreparable harm." Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). (citing Wright and Miller, 11 Federal Practice and Procedure § 2948 at 436 (1973).

VGH does not identity any alleged specific business opportunity or other specific harm it will lose if it cannot maintain possession of the MOVA Assets, and provides no reason why monetary damages will not suffice if it prevails on appeal. See ECF No. 439 at 6-7; Freeman v. Henry Ow, No. 16-CV-04817-JST, 2016 WL 6778667, at *7 (N.D. Cal. Nov. 16, 2016) ("[p]urely monetary injuries are not normally considered irreparable because they can be remedied by a damages award later") (internal quotation marks and citations omitted). And there is no evidence supporting VGH's assertions that potential customers are so disenchanted with Perlman and Rearden that any assets returned to VGH upon a successful appeal would be "essentially worthless." See id. The Court cannot grant a stay based on speculation.

**C. Substantial Injury to Other Parties and the Public Interest**

"'Because Appellant fails to satisfy the first two factors, his motion necessarily fails.'" Freeman, 2016 WL 6778667 at *8 (quoting In re Woodcraft Studios, Inc., No. C-11-3219 EMC, 2012 WL 160225, at *3 (N.D. Cal. Jan. 18, 2012) (citing Nken, 129 S. Ct. at 1762)). Therefore, the Court need not reach the other factors: whether a stay will substantially injure other parties to the proceeding, and the public interest.

Nevertheless, the Court finds that both factors weight against the stay. VGH states that a stay would not substantially injure Rearden because "its inimical relationship with the potential customer base" makes it "highly unlikely" Rearden will benefit from taking ownership of the MOVA assets. ECF No. 439 at 7. As with the assertion that VGH will suffer irreparable injury, the argument that Rearden will not suffer substantial injury is speculative.

Finally, the Court also agrees with Rearden that a stay is not in the public interest. As Rearden points out, if the Court imposes a stay no one will have access to the MOVA Assets. ECF No. 460 at 7-8. In light of the parties' agreement that these assets have value because they enable the creation of entertaining and financially successful motion pictures, there is a public benefit in making the assets available to their rightful owner.

**CONCLUSION**

None of the relevant factors weigh in favor of a staying enforcement of the Court's August 11, 2017 order. See ECF No. 427. VGH has not satisfied its burden. The motion to stay enforcement pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated: December 6, 2017

JON S. TIGAR
United States District Judge

4