UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>REARDEN LLC, et al.,<br><br>Defendants. | Case No. 15-cv-00797-JST<br><br>**ORDER DENYING REQUEST TO REOPEN DISCOVERY** |

In the parties' most recent joint case management statement, Defendants request that the Court reopen discovery. ECF No. 490. Plaintiffs oppose the request. *Id.*

Enlargement of the discovery cut-off requires a showing of good cause. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery." *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015). The primary factor the Courts considers in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

In this case, the Court finds that Defendants have not been diligent. All of the issues Defendants discuss in the joint case management statement have been known for months, or even years. Defendants suggest that the Court's comment in a May 2018 order regarding the parties' relative equities, ECF No. 483 at 3, provides a basis for reopening discovery. ECF No. 490 at 8. That order was issued almost four months ago. And even if the order were recently issued, it contains no new information. If Defendants wanted to reopen discovery, they could have made

1   the request a long time ago.

2   The request to reopen discovery is DENIED.  "[I]t is time for the principle that 'litigation
3   must have an end' to prevail."  *United States v. Tittjung*, 235 F.3d 330, 342 (7th Cir. 2000).  The
4   Court will enter judgment.

5   **IT IS SO ORDERED.**

6   Dated:  August 28, 2018

_____
JON S. TIGAR
United States District Judge