UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>REARDEN LLC, et al.,<br><br>Defendants. | Case No. 15-cv-00797-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER OF SPECIAL MASTER**<br><br>Re: ECF No. 538 |

Defendants Rearden LLC, Rearden MOVA LLC, MO2 LLC, and MOVA LLC now move for relief from (which they describe as "clarification" of) the Special Master's Order Appointing Forensic Expert ("Appointment Order"). ECF No. 538. Defendants ask the Court to amend the Appointment Order to make several changes. They focus their brief principally on two: (1) they request that recoverable assets be defined to include materials that were based, in whole or in part, on MOVA Software, Source Code, Output Files, and/or MOVA trade secrets, *see, e.g.,* ECF No. 538-3 at 9; and (2) they request that the Order use April 21, 2013 instead of February 2013 as the date when the MOVA Assets were taken from Rearden, ECF No. 538 at 3 n.1. The Court need not reach Defendants' second issue because the Special Master has agreed to use the April 21, 2013 date Defendants request. ECF No. 537 at 2.

Defendants do not address the standard of review this Court should use in reviewing Special Master Infante's Appointment Order. The Court's order appointing Judge Infante states that "[r]eview of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate." ECF No. 529 ¶ 6(b); *see also id*. ¶ 6(a) ("Pursuant to Federal Rule of Civil Procedure 53(b)(2)(D), the procedure described in subparagraphs (b) and (c) herein shall

1  govern any action on the Special Master's orders, reports and/or recommendations"). A
2  magistrate judge's factual determinations are reviewed for clear error, and the magistrate's legal
3  conclusions are reviewed de novo to determine whether they are contrary to law. *Perry v.*
4  *Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). The clear error standard allows the court
5  to overturn a magistrate's factual determinations only if the court reaches a "definite and firm
6  conviction that a mistake has been committed." *Wolpin v. Philip Morris Inc.,* 189 F.R.D. 418, 422
7  (C.D. Cal. 1999) (citing *Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,* 130
8  F.R.D. 507, 508 (D.D.C. 1990)).

9  Regardless of whether the definition of recoverable assets is categorized as an issue of law
10 or fact, the Court discerns no error in the Appointment Order. This Court has never defined or
11 been asked to define what constitutes a trade secret in this case. Thus, it would not be feasible, or
12 even possible, for a forensic expert to determine that something in DD3's possession is "based on"
13 a trade secret, particularly if the definition is expanded to include trade secrets "subsequently
14 modified or incorporated in whole or in part in newly created assets." ECF No. 538-2 at 5.

15 Defendants propose a variety of other amendments to the Appointment Order.
16 Consideration of these changes is beyond the scope of this order. A district court does not review
17 the work of a special master in order to wordsmith or optimize the language of their orders, but
18 only to identify and correct error.

19 The motion is denied.
20 **IT IS SO ORDERED.**
21 Dated: September 19, 2019

                                                   JON S. TIGAR
                                              United States District Judge