1  Martin Quinn, Esq.
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, CA  94111
   Telephone: (415) 982-2567
4  Fax: (415) 982-5287

5  SPECIAL MASTER

6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9
                          **OAKLAND DIVISION**
10

11 | SHENZHENSHI HAITIECHENG              | Case No. 4:15-cv-00797 JST (SK)
   | SCIENCE AND TECHNOLOGY CO., LTD., a  |
12 | People's Republic of China corporation, |
   |                                       |
13 |         Plaintiff,                    |
   |                                       |
14 |     and                               | **SPECIAL MASTER'S ORDER NO. 8:**
   |                                       | **STIPULATED ORDER RE MISUSE**
15 | VIRTUE GLOBAL HOLDINGS LIMITED, a    | **OF MOVA TRADEMARK**
   | business company incorporated in the British |
16 | Virgin Islands,                       |
   |                                       |
17 |         Intervenor,                   |
   |     v.                                |
18 |                                       |
   | REARDEN, LLC, a California Limited Liability |
19 | Company; REARDEN MOVA, LLC, a        |
   | California Limited Liability Company; MO2, |
20 | LLC, a California Limited Liability Company; |
   | and MOVA, LLC, a California Limited Liability |
21 | Company,                              |
   |         Defendants.                   |
22 |                                       |
23 |                                       |
   | AND RELATED COUNTERCLAIMS.            |
24 |                                       |

25

26     Counsel for defendant Rearden and third-party XRSPACE have submitted a stipulated

27 Order [ECF 579-1], and asked the Special Master recommend that Judge Tigar sign it.  The

28 Special Master has reviewed the Order, considered all the circumstances, and for the following

                                        1

reasons now recommends that Judge Tigar approve, sign and file a revised Order attached as Exhibit A.

## Background

The Court has previously ruled that Rearden is the sole owner of the MOVA trademark. [ECF No. 427, 15:15-17; ECF No. 449, 1:17]. The Court has made no findings regarding the validity, scope or geographic reach of that trademark because such findings are outside the issues and evidence presented to it.

On June 4, 2020, Rearden filed its Second Motion to Enforce Judgment [ECF No. 552] that sought, in part, a finding that a Taiwanese company, XRSPACE, had actively participated in violating the Court's orders by improperly using the MOVA trademark. XRSPACE filed its Opposition on July 27, 2020 [ECF 560]. The Court referred the motion to the Special Master. [ECF No. 558] On August 14, 2020 the Special Master issued his Order No. 3 finding that two other non-parties were subject to the Court's orders and had actively participated in violating them, but found there was insufficient evidence to find that XRSPACE had violated those orders. [ECF No. 565]

On August 28, 2020 Rearden filed a further motion to allow it to properly serve and conduct jurisdictional discovery against XRSPACE, and asking the Court to sign and file a proposed Order. On October 13, 2020 the Special Master issued his Order No. 7 ruling on that motion. Rearden and XRSPACE then entered into negotiations, and have reached a settlement that includes the Stipulation and [Proposed] Order Regarding Use of "MOVA" that is at issue here.

## Analysis

The stipulated Order requires all persons upon whom it is served to cease using the mark MOVA in connection with XRSPACE and its products. The parties' intent is to minimize potential confusion on websites, search results, industry publications, advertising and like venues as to whether MOVA refers to Rearden and its products, or to XRSPACE. XRSPACE has ceased all use of the name MOVA, and now both parties desire to avoid such confusion. They believe

1  that a Court order will make it easier for them to persuade websites and advertisers and others to
2  take steps to eliminate all references that link MOVA to XRSPACE.

3        The Special Master concludes that the Order is consistent with the intent of this Court to
4  ensure that the trademark MOVA is owned and used solely by Rearden.  Rearden has provided
5  competent evidence that, as a result of XRSPACE's short-lived publicity campaign featuring its
6  "MOVA headset," there are hundreds or thousands of references on the internet to MOVA as a
7  product of XRSPACE — and that this causes significant confusion when performing searches for
8  MOVA as a name for Rearden's products.  [Perlman Decl.. ECF 567-2]  The Special Master
9  concludes that a "cleanup order" of this sort may materially assist the parties in lessening the
10 likelihood of confusion.  Since all parties stipulate to the Order (or in the case of plaintiff VGH do
11 not object), issuance of the Order is unopposed.

12       The Order purports to require "all persons upon whom this Order is served [to] take all
13 necessary steps to stop using the MOVA brand or trademark in reference to XRSPACE or its
14 products or services.…"  The Special Master has concerns whether such an Order directing
15 unknown non-parties to perform specific acts is within the Court's power.  The proposed Order is
16 not limited geographically, and Rearden's right to enforce its trademark outside the United States
17 has not been established.  The Court surely has inherent power to manage its courtroom and to
18 ensure obedience to its orders, including this Court's orders finding Rearden to be the sole owner
19 of the MOVA name.  *Aloe Vera of America, Inc. v. U.S.*, 376 F.3d 960, 964-965 (9th Cir. 2004).
20 Moreover, "innocent infringers" such as internet service providers may be liable for improper use
21 of trademarks.  *Gucci America, Inc. v. Hall & Assoc.*, 135 F.Supp.3d 409, 419 (S.D.N.Y. 2001).
22 However, notwithstanding the Special Master's specific request, the parties have not provided any
23 authority for an Order that purports to require non-parties — absent a finding that they have
24 knowledge of the Court order and have actively participated with an enjoined party — to take an
25 action or cease from acting.[1]  Without such authority the Special Master declines to recommend
26 issuance of the stipulated Order in the form proposed.

27

28   [1] Neither *Aloe Vera* nor *Gucci*, the only cases cited in Rearden's motion, involved orders requiring compliance by non-parties, and consequently do not afford the Court with relevant legal authority.

3

1  Therefore, the Special Master recommends that the Court enter a more limited Order in
2  the form attached hereto as Exhibit A. Hopefully this Order, more consonant with the Court's
3  jurisdiction and powers, will have a nearly equivalent beneficial effect of inducing third parties to
4  remove references to MOVA as linked to XRSPACE. The parties are directed to revise their
5  Stipulation and Order to conform to Exhibit A (and in the process correct the typographical
6  errors) and present it to the Court for signature in conformance with this Order.

Dated: 10/29/2020

*DocuSigned by:*
*Martin Quinn*
—926B460520994CA...
Martin Quinn, Special Master

# EXHIBIT A

EXHIBIT A to Special Master's Order No. 8

STIPULATION AND [PROPOSED] ORDER RE USE OF "MOVA"

Copy existing Stipulation language (with typos corrected), and re-sign the Stipulation.

[PROPOSED] ORDER

The Court APPROVES the Parties' stipulation and therefore now ORDERS and ADJUDGES as follows:

All persons upon whom this order is served are hereby notified that the Court has previously found that Rearden LLC is the sole owner of the MOVA brand name and trademark, and that Rearden and XRSPACE have agreed that any use of MOVA in connection with XRSPACE and its products or services is improper.  This applies to use of the MOVA name in all forms including, but not limited to, product and service branding and labeling; trademark, service mark and trade name filings; Internet references, including but not limited to websites, search results, indexes, Wikis, blogs, archives, URLs, hyperlink text, alt text, key words, advertising keywords, comments and source code; marketing and sales materials; press materials, releases, briefings and publications; social media; images; audio and video.

IT IS SO ORDERED.

                                                                                                  Hon. Jon S. Tigar
District Court Judge

## PROOF OF SERVICE BY E-Mail

Re: Shenzhenshi Haitiecheng Science and Technology Co., Ltd. vs. Rearden LLC, et al.
Reference No. 1100105909

I, Sandra Chan, not a party to the within action, hereby declare that on October 29, 2020, I served the attached SPECIAL MASTER'S ORDER NO. 8: STIPULATED ORDER RE MISUSE OF on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Karen I. Boyd Esq.
Jennifer Seraphine Esq.
Zhuanjia Gu Esq.
Turner Boyd LLP
702 Marshall St
Suite 640
Redwood City, CA   94063
Tel: 650-521-5935
Email: boyd@turnerboyd.com
seraphine@turnerboyd.com
gu@turnerboyd.com
   Parties Represented:
   MO2, LLC
   Mova, LLC
   Rearden LLC
   Rearden Mova, LLC

Ms. Keeley Irene Vega
Jacob S. Zweig Esq.
Turner Boyd LLP
702 Marshall St
Suite 640
Redwood City, CA   94063
Tel: 650-521-5935
Email: vega@turnerboyd.com
zweig@turnerboyd.com
   Parties Represented:
   MO2, LLC
   Mova, LLC
   Rearden LLC
   Rearden Mova, LLC

Jon Michaelson Esq.
Kilpatrick Townsend & Stockton LLP
1080 Marsh Rd.
Menlo Park, CA   94025
Tel: 650-614-6462
Email: jmichaelson@kilpatricktownsend.com
   Parties Represented:
   Virtue Global Holdings Limited

Benjamin M. Kleinman Esq.
Kilpatrick Townsend & Stockton LLP
Two Embarcadero Center
19th Floor
San Francisco, CA   94111-3834
Tel: 415-576-0200
Email: bkleinman@kilpatricktownsend.com
   Parties Represented:
   Virtue Global Holdings Limited

Frank H. Busch Esq.
Wagstaffe, von Loewenfeldt, Busch & Radwick LLP
100 Pine St.
Suite 725
San Francisco, CA   94111
Tel: 415-357-8902
Email: busch@wvbrlaw.com

Michael J. Song Esq.
LTL Attorneys LLP
300 S Grand Ave
14th Floor
Los Angeles, CA   90017
Tel: 213-612-8900
Email: michael.song@ltlattorneys.com

| Parties Represented: | Parties Represented: |
|---|---|
| MO2, LLC | XRSPACE Co., Ltd. |
| Mova, LLC | |
| Rearden LLC | |
| Rearden Mova, LLC | |

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on October 29, 2020.

_Sandra Chan_
Sandra Chan
JAMS
SChan@jamsadr.com