1   Martin Quinn, Esq.
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, CA  94111
    Telephone: (415) 982-2567
4   Fax: (415) 982-5287

5   SPECIAL MASTER

6

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

                      OAKLAND DIVISION

10

11  SHENZHENSHI HAITIECHENG                    Case No. 4:15-cv-00797 JST (SK)
    SCIENCE AND TECHNOLOGY CO., LTD., a
12  People's Republic of China corporation,

13              Plaintiff,

14      and                                    **SPECIAL MASTER'S ORDER NO. 9:**
                                               **STIPULATED ORDER RE MISUSE**
    VIRTUE GLOBAL HOLDINGS LIMITED, a          **OF MOVA TRADEMARK**
15  business company incorporated in the British
    Virgin Islands,
16
                Intervenor,
17      v.

18  REARDEN, LLC, a California Limited Liability
    Company; REARDEN MOVA, LLC, a
19  California Limited Liability Company; MO2,
    LLC, a California Limited Liability Company;
20  and MOVA, LLC, a California Limited Liability
    Company,
21
                Defendants.
22

23
    ─────────────────────────────────────
24  AND RELATED COUNTERCLAIMS.

25

26          Counsel for defendant Rearden and third-party XRSPACE have submitted an <u>amended</u>  stipulated

27  Order, attached hereto as Exhibit A, and asked the Special Master to recommend that Judge Tigar sign it.

28  The Special Master has reviewed the Amended Order, considered all the circumstances, and for the

                                          1

following reasons now recommends that Judge Tigar approve, sign and file a further revised Order attached as Exhibit A.

Background

On October 30, 2020 the Special Master filed his Order No. 8 [ECF No. 580] recommending that the Court sign and issue a stipulated order as revised by the Special Master, which was attached as Exhibit A to Order No. 8.  Order No. 8 directed the parties to prepare a revised order in the format of Exhibit A, have it signed and resubmit it to the Special Master.  On November 4, 2020, counsel for VGH and XRSPACE submitted a proposed further revision to the Order.  The Special Master directed them to have it signed, and they have submitted a revised signed copy on November 16, 2020.

For the Court's convenience, I set out here the relevant language from the three versions of the proposed Order:  the version the parties originally asked the Court to sign; the version the Special Master approved in Order No. 8; and the further revised version submitted on November 16, 2020.  For further background on this issue, the Court is invited to review Special Master Order Nos. 3 and 8. [ECF Nos. 565 and 580]

Original Order Submitted by the Parties

The Court APPROVES the Parties' stipulation and therefore it is ORDERED and ADJUDGED as follows:

All persons upon whom this Order is served shall take all necessary steps to stop using the MOVA brand or trademark in reference to XRSPACE or its products and services in all forms, including, but not limited to product and service branding and labeling; trademark, service mark and trade name filings; Internet references, including but not limited to websites, search results, indexes, Wikis, blogs, archives, URLs, hyperlink text, alt text, key words, advertising keywords, comments and source code; marketing and sales materials; press materials, releases, briefings and publications; social media; images; audio and video.

Order Approved by the Special Master [ECF No. 580]

The Court APPROVES the Parties' stipulation and therefore now ORDERS and ADJUDGES as follows:

All persons upon whom this order is served are hereby notified that the Court has previously found that Rearden LLC is the sole owner of the MOVA brand name and trademark, and that Rearden and XRSPACE have agreed that any use of MOVA in connection with XRSPACE and its products or services is improper.  This applies to use of the MOVA name in all forms including, but not limited to, product and service

2

branding and labeling; trademark, service mark and trade name filings; Internet references, including but not limited to websites, search results, indexes, Wikis, blogs, archives, URLs, hyperlink text, alt text, key words, advertising keywords, comments and source code; marketing and sales materials; press materials, releases, briefings and publications; social media; images; audio and video.

Revised Order Requested by the Parties

The Court APPROVES the Parties' stipulation and therefore now ORDERS and ADJUDGES as follows:

All persons upon whom this order is served are hereby notified that the Court has previously found that Rearden LLC is the sole owner of the MOVA brand name and trademark, and that Rearden, XRSPACE and the Court have agreed that any use of MOVA in connection with XRSPACE and its products or services is improper. This applies to use of the MOVA name in all forms including, but not limited to, product and service branding and labeling; trademark, service mark and trade name filings; Internet references, including but not limited to websites, search results, indexes, Wikis, blogs, archives, URLs, hyperlink text, alt text, key words, advertising keywords, comments and source code; marketing and sales materials; press materials, releases, briefings and publications; social media; images; audio and video. [changes underlined]

Analysis

In Order No. 8 the Special Master concluded that the original proposed Order, while stipulated, over-reached the Court's role and jurisdiction by purporting to order numberless unknown non-parties to refrain from using the MOVA name in connection with XRSPACE. Instead, the Special Master framed an Order which merely approved the parties' stipulation that use of MOVA in connection with XRSPACE was improper. That formulation would not require the Court to risk exceeding its proper jurisdiction, but hopefully would be equally effective in obtaining compliance from third party websites and media sources.

The parties have now tweaked the Special Master's language, and ask that the Court agree with the parties that the use of MOVA in connection with XRSPACE is improper. While the Special Master is not wholly comfortable with this language, he nonetheless recommends that the Court sign and issue the revised Order. The Court's agreement with the parties' stipulation that third parties should not use MOVA in connection with XRSPACE flows logically from (1) its finding in the Statement of Decision that Rearden is the sole owner of the MOVA brand and trademark [ECF No. 427], (2) its order that VGH, DD3 and all parties acting in concert with them return the MOVA trademark to Rearden [ECF No. 449], (3)

Special Master's Order No. 3 [ECF No. 565] that ordered Perter Chou to "cause XRSPACE to cease all use of the MOVA brand and trademark." (16:14-16), and (4) Special Master's Order No. 8 that recommended entry of an order in which the Court did no more than <u>approve</u> the parties' stipulation.

The Special Master believes it is appropriate for the Court to help the parties to remedy the commercial damage done to Rearden by the violation by VGH, DD3 and Peter Chou of the Court's orders by permitting XRSPACE to use the MOVA name for a period. The final proposed revised Order, attached as Exhibit A, accomplishes that help without over-reaching the Court's jurisdiction.

Dated:  November 17, 2020

_____
Martin Quinn, Special Master

# EXHIBIT A

Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
Jacob S. Zweig (State Bar No. 296129)
zweig@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

Frank Busch (State Bar No. 258288)
busch@wvbrlaw.com
WAGSTAFFE, VONLOEWENFELDT,
BUSCH & RADWICK LLP
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 357-8900

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD., a People's Republic of China corporation, <br><br> Plaintiff, <br><br> and <br><br> VIRTUE GLOBAL HOLDINGS LIMITED, a business company incorporated in the British Virgin Islands, <br><br> Intervenor, <br><br> v. <br><br> REARDEN, LLC, a California Limited Liability Company; REARDEN MOVA, LLC, a California Limited Liability Company; MO2, LLC, a California Limited Liability Company; and MOVA, LLC, a California Limited Liability Company, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 4:15-cv-00797 JST (SK) <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING USE OF "MOVA"** <br><br> Judge: Honorable Jon S. Tigar <br> Action Filed: February 20, 2015 |

## STIPULATION

WHEREAS on August 14, 2020, the Special Master found that "VGH, DD3, DDHL and Mr. [Peter] Chou violated the Court's orders by causing and permitting XRSPACE to use the brand name and trademark MOVA, which they knew had been found to be the sole property of Rearden. They knew that the Court had barred them from using and ordered them to return all MOVA assets, including the brand name and trademark MOVA." [ECF No. 565, 16:10-23].

WHEREAS, as a result, the Special Master ordered that "Mr. Chou, in his capacity as founder and chairman of XRSPACE, shall cause XRSPACE to cease all use of the MOVA brand and trademark." [ECF No. 565, 16:14-15].

WHEREAS there has been no finding in this action that XRSPACE has violated any court order;

NOW THEREFORE, it is STIPULATED as between Rearden LLC, Rearden Mova LLC, MO2 LLC and MOVA LLC and XRSPACE Co. Ltd., (collectively, the "Parties") as follows:

All persons upon whom this order is served shall take all necessary steps to stop using the MOVA brand or trademark in reference to XRSPACE or its products or services in all forms including, but not limited to, product and service branding and labeling; trademark, service mark and tradename filings; Internet references, including but not limited to websites, search results, indexes, Wikis, blogs, archives, URLs, hyperlink text, alt text, key words, advertising, advertising keywords, comments and source code; marketing and sales materials; press materials, releases, briefings and publications; social media; images; audio and video.

Dated: 11/9/2020                              Respectfully submitted,


_____                     /s/ Frank Busch
Sting Tao
President                                     Frank Busch
XRSPACE Co., Ltd.                             WAGSTAFFE, VON LOEWENFELDT,
                                              BUSCH & RADWICK LLP
                                              100 Pine Street, Suite 725
                                              San Francisco, California 94111
                                              *Attorneys for Defendants*

**[PROPOSED] ORDER**

The Court further APPROVES the Parties' stipulation and therefore it is ORDERED AND ADJUGED as follows:

All persons upon whom this order is served are hereby notified that the Court has previously found that Rearden LLC is the sole owner of the MOVA brand name and trademark, and that Rearden, XRSPACE and the Court have agreed that any use of MOVA in connection with XRSPACE and its products or services is improper. This applies to use of the MOVA name in all forms including, but not limited to, product and service branding and labeling; trademark, service mark and trade name filings; Internet references, including but not limited to websites, search results, indexes, Wikis, blogs, archives, URLs, hyperlink text, alt text, key words, advertising keywords, comments and source code; marketing and sales materials; press materials, releases, briefings and publications; social media; images; audio and video.

**IT IS SO ORDERED.**

_____

HON. JON S. TIGAR

DISTRICT COURT JUDGE

## PROOF OF SERVICE BY E-Mail

Re: Shenzhenshi Haitiecheng Science and Technology Co., Ltd. vs. Rearden LLC, et al.
Reference No. 1100105909

       I, Sandra Chan, not a party to the within action, hereby declare that on November 17, 2020, I served the attached

SPECIAL MASTER'S ORDER NO. 9:  STIPULATED ORDER RE MISUSE OF MOVA TRADEMARK on the parties in the

within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Karen I. Boyd Esq.
Jennifer Seraphine Esq.
Zhuanjia Gu Esq.
Turner Boyd LLP
702 Marshall St
Suite 640
Redwood City, CA  94063
Tel: 650-521-5935
Email: boyd@turnerboyd.com
seraphine@turnerboyd.com
gu@turnerboyd.com
    Parties Represented:
      MO2, LLC
      Mova, LLC
      Rearden LLC
      Rearden Mova, LLC

Ms. Keeley Irene Vega
Jacob S. Zweig Esq.
Turner Boyd LLP
702 Marshall St
Suite 640
Redwood City, CA  94063
Tel: 650-521-5935
Email: vega@turnerboyd.com
zweig@turnerboyd.com
    Parties Represented:
      MO2, LLC
      Mova, LLC
      Rearden LLC
      Rearden Mova, LLC

Jon Michaelson Esq.
Kilpatrick Townsend & Stockton LLP
1080 Marsh Rd.
Menlo Park, CA  94025
Tel: 650-614-6462
Email: jmichaelson@kilpatricktownsend.com
    Parties Represented:
      Virtue Global Holdings Limited

Benjamin M. Kleinman Esq.
Kilpatrick Townsend & Stockton LLP
Two Embarcadero Center
19th Floor
San Francisco, CA  94111-3834
Tel: 415-576-0200
Email: bkleinman@kilpatricktownsend.com
    Parties Represented:
      Virtue Global Holdings Limited

Frank H. Busch Esq.
Wagstaffe, von Loewenfeldt, Busch & Radwick LLP
100 Pine St.
Suite 725
San Francisco, CA  94111
Tel: 415-357-8902
Email: busch@wvbrlaw.com
    Parties Represented:
      MO2, LLC
      Mova, LLC
      Rearden LLC
      Rearden Mova, LLC

Michael J. Song Esq.
LTL Attorneys LLP
300 S Grand Ave
14th Floor
Los Angeles, CA  90017
Tel: 213-612-8900
Email: michael.song@ltlattorneys.com
    Parties Represented:
      XRSPACE Co., Ltd.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on

November 17, 2020.


Sandra Chan
JAMS
SChan@jamsadr.com